**FILED**

APR 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**STEVEN IVEY, pro se,**
**7611 S. OBT, #278**
**Orlando, FL., 32809,**

      **Plaintiff,**

                                  **Civil Action No.** 07-748

          **V.**

**HENRY PAULSON, Secretary, et al.,**
**U.S. Department of the Treasury, et al.,**
**1500 Pennsylvania Ave, NW**
**Washington, DC, 20220,**

      **Defendant.**

## COMPLAINT PURSUANT TO RULE 8 OF FEDERAL RULES OF CIVIL PROCEDURE

The jurisdiction for this case as per Federal Rules of Civil

Procedure, Rule 8(a), can be seen from the collective records and practices

of the US Department of the Treasury in determining rating and rank for a

data transcriber in its IRS Tax processing Center. The plaintiff was

employed with the defendant under which time and, subsequent,

administrative and judicial actions in determining of EEO claims, the

defendant used only discriminatory practices with the use a flawed rating

1

RECEIVED

MAR 1 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

system in a bias and prejudicial manner. The use of this rating system as used by the defendant has created a bias and prejudicial effect in any administrative and judicial decisions for the plaintiff. The claim herein concerns the, additional, discriminatory way in which batches of work and rating of those batches prejudicially affected the plaintiff as a white males but not to more favored females and blacks. However, because defendants rating scale is flawed without any corrections it has a negative affect to some degree for all data transcribers at the tax processing center. This degree to each data transcriber is determined on how the defendant applies and misuses the scale for whatever desired affect. The rating scale is a tool used to unduly influence and affect a data transcriber and his employment with the defendant.

These no-fault problems had damaging effect in job functions and were not monitored or corrected so as to ensure proper rating scales. The inappropriate use of a flawed system contributed to a rating that hindered the plaintiff's employment process; pay / grade scale; and credibility in administrative and judicial proceedings. These uncorrected and unmonitored problems also affect to some degree the employment status of approximately 500 data transcribers from 1999 to the present.

2

**I.    Description of the way a data transcribers are to process a batch of 100 returns. Then repeating for each batch of work.**

The plaintiff's schedule for work was from 6:00 pm till 2:30am; Sunday nights to Thursday nights. The plaintiff was required to be ready to log into my computer terminal at 6:00 with a batch of work; 100 taxpayer returns of 1040EZ, 1040A, or 1040 programs. When the plaintiff logged in with his specific log in with a batch of work, whether new or from the night before, the clock would start on that batch of work. This is similar to a meter on a taxi cab clocking the fare once the trip starts. Because of this the rating for any batch of work is determined by the number of returns entered into the respective program per hour (# of docs / hr) . The clock would continue to run as long for the duration of the batch. This is the role of a data transcriber in the assembly line working of processing taxpayers returns. Prior to a data transcriber in the Data Conversion section entering a return in the programs, there are prior sections such as with clerks who routed different returns in appropriate groups; labeling the returns with a serial ID number; and Code and Edit for red ink markings of codes.

An affecting determination of rating is the number of mistakes made by a data transcriber while entering the documents in the programs. There are checks done on batches of work within the Conversion section by

3

unit managers and/or a lead. The number of mistakes allowed is generally 3 to 4 documents for a batch of work. This in turn is for a period of time in establishing a maximum number of mistakes for a period of time and batch of work. I was told varies requirements for this rating but most vary for different programs.

There are approximately 500 data transcriber repeating this process for day and night shifts for the tax season ranging from January to July. The length of employment for the season depends on rank of the data transcriber, therefore, the higher the rank the possibility of longer employment for the year. The plaintiff's rank ranged from 350 to 370 out of the 500. The ranking also determined when a data transcriber was called back from furlough. The below were factors and circumstance that affected the flow of the batch work process , consequently, affecting rating / rank because the plaintiff was charged an error for these no-fault problems.

**II.   The following Faults of IRS rating system affected my rating and rank:**

**A.** There were Problems with the Program and Processing Systems as follows:

**(a)** Label verses handwritten meant the difference of entering a few code characters of the IRS printed label included with the 1040 mailings and that

4

of retyping the complete name, address, and social security number of the taxpayer. The grouping of the labels for faster processing was routed to preferred employees.

**(b)** Illegible tax returns wherein a data transcriber had to determine personal handwriting which varied in degree of clarity and accuracy.

**(c )** The hyphen of Hispanic and female last names added confusion to the searching of past records. For searching the record the first three letters of the taxpayers last name are used. With hyphened last names sometimes taxpayers leave the hyphen off so the second part of the last name not the first part was used. (example: if Garcia-Carlos was the name then the 3 letters as G-A-R, however, if the hyphen is not there, Garcia Carlos, then the 3 letters used were C-A-R).

**(d)** The mistaken program for spouses social security number (ss#). When a married couple enters the label identification if the man fills the form he puts his name and ss# first. If the woman does it she puts her name and ss# first. The information does not change the ID of the return from past years just the order. There can be other variations of this mistake as did happen. The fault here is in the program which did not have a "do-loop" written in the program.

5

**(e)** Mistakes made prior to a data transcriber in the assembly line process.

Problems could result for a data transcriber and errors charge to him when

the batches were formulated improperly such as:

(1)Mis-numbering of a batch of returns - meaning more than the normal 100

or less; such as 110 or 95 returns. This result in the serial numbers of the

return not matching the program required 100 as automatically do as the

returns are entered into the program.  This assigned error to the data

transcriber because the correction of these had to be done while longed into

the system.  The could mean that a rating of  100 / hr could be reduced to

40 / hr which is not the fault of a data transcriber.

(2) The unspecified number of attachments to a return were not established

in the determination of the rating scale.

(3) Computer generated tax filing v. supplied 1040 forms. With returns sent

via the mail the IRS tax forms are used as printed front and back.  However,

if a taxpayer filed online the return as printed by the IRS would be

approximately 4 pages per side of a 1040.  The print size was also much

different for spacing.  This meant more paperwork for a computer filing that

resulted in 50 returns per batch of work instead of the usual 100.  It, also,

resulted in lengthy times for locating the codes to enter into the programs.

B.    Problems of Inappropriate and  Illegal activities:

**(a)** Interruptions of work in progress to sign notices; review corrections of

IRS manual mistakes; and improper solicitations from other employees.

These affect time on program and was not regulated even after complaints

of such as they affected rating / rank.

**(b)** Segregating the batches of work:

(1) For some unknown reason all the  Jennifers in FL, GA, & SC were batch
together.

(2) Bad documents for reading were routed to the newbies ? Probationary
employees.

(3)  Illegible returns to unflavored employees.

**(c )**  Changing of the Presidential Donation Box (PDB) on the returns was a

prohibited practice which the plaintiff did not participate in, but was

charged an error for each incident.

**(d)** Use of  illegal vouchers to mis-appropriate funds to cover up favored

employees in the prior areas of the assembly line process such as  C & E.

**(e)**  Failure to correct problems and prohibited practices so has to receive

correct rating scale and more accurate ranking.

## III.    Damages and Improper Effects on plaintiff:

**(a)**  Effected inaccurately the  pay scale for classification of grade for
purposes of federal employment.

7

**(b)** Negatively impacted the determination of bonus incentive pay for accurate work completed.

**(c )** Improperly effected ranking as compared to the total of data transcribers for the purpose call back and for length of employment.

**(d)** Used prejudicially for terminating me after reporting EEOC and MSPB prohibited practices.

**(e)** The last ratings were compiled without notice or proper verification when looking for reasons to terminate the plaintiff.

**(f )** Continued refusal to correct or resolve the mistakes and altering of rating scale to discredit the plaintiff in complaint processing.

**IV.     Authorities determining rating issues:**

The following may be of assistance in determining the above violations because they concern the requirements and efficiency of the rating system.   Both **5 USCS § 4302 (4303)**- Performance Appraisal Plan, and **5 USCS § 7513**- Efficiency of Federal Service were created to promote and maintain effective appropriate work performance ratings.   It is the responsibility of every agency to review its own performance standard for comparable defects and to change them appropriately.

**(a)** Courts decision with regards to particular performance standard may not

8

be taken as direction to freeze standard into place, rather, agencies are obligated to review existing standards and change them as evaluation techniques improve and experience gained. **Weirauch v Department of the Army** , (1986, CAFC) 782 F 2d 1560.

**(b)** Not permitting accurate objective measurements of employee's level of achievement nor reasonably informing employee of what is acceptable performance are invalid performance statutes. **Eibel v Department of the Navy** , (1988, CA FC) 857 F 2d, 1439.

**(c )** General standard of promoting efficiency of service is adequate for removal or discipline of performance eligible civil service employees, but promotion of efficiency of service is not restricted to testing employee's work efficiency or performance on job. **Hoover v U. S.** (1975) 206 Ct Cl 640, 513 F 2d 603.

**V. Applicable Civil Authorities**:

Under civil statutes **42 USCS § 1981**, **42 USCS § 1983**, **42 USCS § 1986**, **42 USCS § 1988** and **42 USCS § 2000e** the Plaintiff is entitled to relief for the above listed violations. This is pursuant to Federal Rules of Civil Procedure 8(a) and Title VII of the Civil Rights Act of 1964, and Civil Rights Reform Act of 1978.

## VII.  Relief:

The plaintiff is seeking action to remedy the situations . To further, the plaintiff is seeking compensatory damages, future offset damages, cost involved in the prosecution of the complaint, and related fees of processing this complaint.  For review and correction for the data transcriber rating system of the defendant.

The plaintiff is requesting a jury trail for this case. The plaintiff is requesting that the Court appoint the plaintiff an attorney. (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e *et seq*: the Rehabilitation act of 1973, as amended, 29 U.S.C. § 791(c).

Mar. 12, 2007
_____
Date

Steven Ivey ,  Plaintiff

10



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C. 20036**

Steven G. Ivey,
Complainant,

v.

John W. Snow,
Secretary,
Department of the Treasury,
Agency.

Appeal No. 01A33016

Agency No. 02-1135

Hearing No. 110-A3-8092X

DECISION

Complainant filed a timely appeal with this Commission from the agency's order dated March 24, 2003, dismissing his complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq*.   The appeal is accepted pursuant to 29 C.F.R. § 1614.405.   In his complaint, complainant alleged that he was subjected to discrimination on the bases of race (Caucasian), color (white), sex (male), and reprisal for prior EEO activity when his employment was terminated during the probationary period effective March 7, 2001.

The record reveals that during the relevant time, complainant was employed as Data Transcriber, GS-356-03, at the agency's Elizabeth City, North Carolina's, Data Conversion Branch. Believing he was a victim of discrimination, complainant sought EEO counseling and subsequently filed a formal complaint on March 18, 2002.   At the conclusion of the agency's investigation, complainant was informed of his right to request a hearing before an EEOC Administrative Judge (AJ) or alternatively, to receive a final decision by the agency. Complainant requested a hearing before an AJ.

On February 14, 2003, the AJ issued a decision dismissing the complaint because complainant failed to prosecute his case.  The AJ found that complainant failed to appear at the February 14, 2003 hearing.  The AJ found that he had mailed an Order on November 22, 2002, to the agency

2                                    01A33016

and complainant scheduling a pre-hearing conference on February 5, 2003, with a hearing set for February 14, 2003. The AJ found that complainant failed to submit the pre-hearing conference report (including a witness list) as required by the scheduling order and did not appear at the pre-hearing conference scheduled on February 5, 2003. The AJ stated that he issued an Order to Show Cause dated February 5, 2003, ordering complainant to show cause for his failure to submit any witness list or appear at the pre-hearing conference on February 5, 2003. The AJ noted that on February 12, 2003, complainant facsimiled a request for a continuance. The AJ denied the request as untimely and not justified. The AJ said that, in his request, complainant stated that he did not receive the acknowledgment and scheduling order until the end of January 2003. The AJ found that nothing in complainant's request set forth sufficient grounds for a continuance.

In its final order the agency stated that it was fully implementing the AJ's decision dismissing the complaint pursuant to 29 C.F.R. § 1614.107(a)(7).

We find the agency's dismissal of the complaint to be improper. It is noted that the AJ has the authority to sanction a party for failure without good cause shown to fully comply with an order. 29 C.F.R. § 1614.109(f)(3). However, dismissal of a complaint by an AJ as a sanction is only appropriate in extreme circumstances, where the complainant has engaged in contumacious conduct, not simple negligence. *See Hale v. Department of Justice*, EEOC Appeal No. 01A03341 (December 8, 2000). Upon review, the Commission finds that complainant's failure to appear at the hearing, appear at the pre-hearing conference, and failure to submit a pre-hearing conference report is insufficient, under the instant circumstances, to warrant dismissal of the entire complaint. To the extent that the AJ intended to sanction complainant by dismissing the entire complaint, the Commission finds that the AJ's sanction to dismiss the complaint was improper. In the instant case, the Commission finds that the appropriate sanction is to cancel the hearing and remand the complaint to the agency for a decision without a hearing.

Dismissal of the complaint under 29 C.F.R. § 1614.107(a)(7) is inappropriate under the instant circumstances, because the investigation has apparently been completed and there is apparently sufficient information in the record to adjudicate the complaint. Therefore, we shall remand the matter to the agency so that it may issue a decision on the complaint.

The agency's decision dismissing the complaint is REVERSED and we REMAND the complaint to the agency for further processing pursuant to the Order herein.

### ORDER

Within sixty calendar days from the date this decision becomes final, the agency shall take final action on the complaint in accordance with 29 C.F.R. 1614.110. A copy of the agency's final decision must be sent to the Compliance Officer referenced herein.

3                                         01A33016

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0501)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. *See* 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. *See* 29 C.F.R. § 1614.409.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.     The appellate decision involved a clearly erroneous interpretation of material fact or law: or

2.     The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

4                                    01A33016

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0900)

This is a decision requiring the agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. In the alternative, you may file a civil action **after one hundred and eighty (180) calendar days** of the date you filed your complaint with the agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. **Filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

OCT 1 4 2003

Date

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

*H*
*07-0748*
*EGS*
*RJL*

---

**I. (a) PLAINTIFFS**

*STEVEN EVEY*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF *88888*
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

*HENRY PAULSON*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
Plaintiff

□ 3 Federal Question
(U.S. Government Not a Party)

⊗ 2 U.S. Government
Defendant

□ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**□ A. Antitrust**

□ 410 Antitrust

**□ B. Personal Injury/ Malpractice**

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

**□ C. Administrative Agency Review**

□ 151 Medicare Act

**Social Security:**
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

**□ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**□ E. General Civil (Other) OR □ F. Pro Se General Civil**

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant
□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. Employment Discrimination | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

---

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*42 USC 2000*

---

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES  ☐ NO   If yes, please complete related case form.

DATE   SIGNATURE OF ATTORNEY OF RECORD   *NCD*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips or completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

Forms\js-44.wpd

