

RECEIVED
JUL 2 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Steven Ivey, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CA No. 07- 0748-RJL |
| V. ) | |
| ) | |
| HENRY PAULSON, Secretary, et al., ) | |
| U.S. Department of the Treasury, ) | |
| ) | |
| Defendant. ) | |

**PRELIMINARY REPORT AND DISCOVERY SCHEDULE**

**1. Description of Case:**

**(a) Describe briefly the nature of this action:**

Due to a flawed rating system by the IRS/US Treasury for performance of data transcribers, the plaintiff was subjected to inaccurate rating score for use in pay scale; length of employment, start and furlough; pay grade; incentive program; and for termination. The problems of the rating scale involved assembly chain processing faults and inappropriate/illegal activities of taxpayers' returns.

The use of applying the rating score resulting from the problems affected a majority of the data transcribers to some degree. For the plaintiff, a white male, the rating score was used for termination, where it was not used on other similarly situated females and blacks. Because of the faults in the rating system it was not a normal practice to terminate data transcribers for rating. In past administrative proceedings the defendant claims that it is a normal practice but did not provide sufficient support for justification. The defendant has contradicted itself in areas of the providing proof for rate scoring during the EEOC and MSPB administrative processing, nor has the defendant resolved the problems of the rating system.

**(b) Summarize in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

1. The plaintiff reported prohibited practices of altering taxpayers' returns; more specific to locations in SC, GA, and FL based on socioeconomic lines, which generated rating errors for the plaintiff.

1

2. The targeting of two CPA firms in Hialeah, FL, with Hispanic clients for altering returns, resulting in errors charged to the plaintiff.

3. The rating problems were part of the testimony of the witnesses in the Inspector General's file in March 2001; the Treasury EOP file 02-1135; and the MSPB hearing for December 2003.

4. The use of illegal "time off" vouchers to cover up the mistakes of favored employees created delays in entering data because the plaintiff would have to make the corrections while logged into the program. This resulted in significant rate reductions.

5. There were not adjustments for any changes in the programs or for errors in instructions, no-fault errors, intentional alterations, or manuals.

6. The online tax returns for filing meant that a batch of work went from 100 to 50, Doubling the work without rating adjustments. This generated reduced ratings or poor rating scores.

7. The defendant has refused to make corrections to the rating system to reflect circumstances, (listed here and in the original complaint), beyond the scope of a data transcriber's responsibility.

8. The mechanics of the plaintiff termination was the use of the faulty rating system, thus wrongful termination.

9. At the time of the plaintiff's termination his rank was 397. Given the fact that there were approximately 500 data transcribers, if the defendant is justified in its reasoning it would have had to terminate, at the same time, all transcribers below this numbers, 103. This did not happen.

10. The NTEU was improperly involved in the termination of the plaintiff even after knowing of the incidences reported as EEOC and MSPB violations.

11. The investigative files contains misleading and inaccurate information on undocumented records for termination, the EOP file and related investigations.

12. The defendant used a blank undocumented rating form in the Treasury EOP file for support of the plaintiff having a bad rating. This document is improper and misleading.

13. Even though the plaintiff contends that terminating a transcriber for rating was not normal practice, Cedric Swain testified for MSPB that he regularly terminated 50 transcribers per year. When compared to the list of 6 transcribers terminated for rating in the Treasury EOP file for a 3 year period, there is a contradiction. The defendant has not produced a list of 150 transcriber terminated for rating over the same three year period.

However, since 50 per year has been the accepted number of transcribers terminated then there would be a larger number of employees affect by the determination of this case.

14. Robert Hall's testimony for EEOC, MSPB, and TIGTA files contradicted each other as being used to justify terminating the plaintiff.

15. Winda Daniel lied about the use of vouchers during her testimony for the MSPB.

16. The TEPS computer score is dependant on what any computer knows, what is imput into such computer program. If the defendant is wrong in the data entered the resulting computer determinations will be wrong.

17. The contradictions in testimony and documents has produced conflicts in decisions of related cases 04-0214 and 05-1147 in DC District.

### (c) The legal issues to be tried are as follows:

1. The problems of the rating being overlooked by the defendant but having them applied to the plaintiff and other data transcribers with corrective measures.

2. Credibility issues created from perjury and false records of the defendant, in that they relate to the claims.

3. How the role of the improper rating scale affected the plaintiff for ranking in grade status, pay rate, incentive pay, and callback/furlough periods. Consequently, how the rating scale was applied for terminating the plaintiff.

4. The coercion of the plaintiff to improperly terminate him by the defendant and the NTEU which concerns Fifth Amendment Rights.

### (d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

No. 06-11909 , Ivey v. Paulson, Supreme Court

CA No. 07-0480, Ivey v. Dept. Treasury, DC District

CA No. 06-2706, Ivey v. Paulson, N GA District

No. 07-7083, Ivey v. NTEU, DC Circuit

No. 06-5292, Ivey v. Paulson, DC Circuit

(2) Previously Adjudicated Cases:

CA No. 04-0214, Ivey v. Dept. of Treasury, DC District

CA No. 05-0176, Ivey v. OSC, DC District

**2. This case is complex because it possesses one (1) or more of the features listed below**
(please check):

```
_____  (1)  Unusually large number of parties
_____  (2)  Unusually large number of claims or defenses
_____  (3)  Factual issues are exceptionally complex
_____  (4)  Greater than normal volume of evidence
_____  (5)  Extended discovery period is needed
__X__  (6)  Problems locating or preserving evidence
__X__  (7)  Pending parallel investigations or actions by government
_____  (8)  Multiple use of experts
_____  (9)  Need for discovery outside United States boundaries
_____  (10) Existence of highly technical issues and proof
```

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: Steven Ivey (pro se)

Defendant: Jeffery Taylor (DOJ)

**4. Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_____ yes    __X__ no

If "yes" please attach a statement not to exceed one (1) page, explaining the jurisdiction objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

4

**5. Parties to this Action:**

   **(a) The following persons are necessary parties who have been joined:**

   **(b) The following persons are improperly joined as parties:**

   **(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

   **(d) The parties shall have a continuing duty to inform the court of any questions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

   Through discovery more specific names and entities will be named because the rating inaccuracies affected a majority of data transcribers to some degree. Motions should further reveal those affected by the violations of this case.

**6. Amendment to the Pleadings:**

   Amendment and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. List separately any amendments to the pleadings which the parties anticipate will be necessary:

**7. Filing Times for Motions:**

   All motions should be filed as soon as possible. Consideration to the Court's decision to a timeline should be reflective in the need to set appropriate deadlines, in respect to:
   (a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.
   (b) *Summary Judgment Motions:*
   (c) *Other Limited Motions*: regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsiderations.

**8. Initial Disclosures:**

   The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate state the party and basis for the party's objection.

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and position of each party.

Plaintiff-No

**10. Discovery Period:**

The discovery period commences thirty (30) days after the appearances of the first defendant by answer to the complaint.
Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.

**(a)** Please state below the subjects on which discovery may be named.

1.          The documents associated with this case; personnel records, departmental manuals, notes/records of the plaintiff, and as of yet unreleased department documentations held by the defendant. Statistical data formulated from the information and documentations.

2.          The following individuals need to be questioned and/or deposed for information relative to this case and needed/considered for potential witnesses: Linda Ferguson;   Robert Hall;   Winda Daniel (and names associated with this unit); Lisa Lee (unit manager) ; Kelly Mancle (and names associated with this unit);  a representative assigned to answer question about the program statistics; Cedric Swain, Human Resources; Betty Burris, Human Resources; Bettye Reid , and  other unit managers and individuals as there names become available.

*(There will be other individuals as their full names become available through the gathering of information and as documentation becomes available, for this a related cases. )*

**(b)** If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

As based on prior negotiations and request for information attention to the Treasury/Defendant to sabotage the retrieval of information, documents, and witnesses is necessary. The court should be aware of such so that adjustments be advisable in the event that requested information be hindered by the defendant.   The

6

question as to whether extended time for discovery be set now or be extended for particular instances may be better decided by the Court considering the Court's decisions on Motions to Compel, as needed. Otherwise, a four month discovery should be sufficient.

**11. Discovery Limitation:**

    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rule of this Court, and what other limitations should be imposed.

**12. Other Orders:**

    What other orders do the parties think that the Court should enter

Fed. R. Civ. P. Rule 16 (c) (7)- identifying witnesses and documents; exchanging pre-trial briefs

Fed. R. Civ. P. Rule 26 ( c) (2)- method, time and place of discovery

**13. Settlement Potential:**

    **(a)** Lead counsel for the parties certify by their signatures below that they conducted a conference that was held on _____ , 20 _____, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): _____

        Other participants:_____

For defendant: Lead counsel (signature):_____

        Other participants:_____

**(b)** All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(____) A possibility of settlement before discovery.
(____) A possibility of settlement after discovery.
(____) A possibility of settlement, but a conference with the judge is needed.
(____) No possibility of settlement.

**(c)** Counsel (____) do or (____) do not intend to hold additional settlement conferences among themselves prior to the discovery. The proposed date of the next settlement conference is _____ , 20 _____ .

**(d)** The following specific problems have created a hindrance to settlement of this case.

The issue of the defendant with participating in "good faith" has been an underlining problem in settlement in administrative proceedings. The were also hindrances from the lack of proper investigations, attempts to use negotiations as a means of intimidation, and absence of recognition of any problems. Thus, the negotiation orders as prescribed before MSPB and EEOC were not followed by the defendant so as to resolve any issues. Additionally, the issues as they relate to a larger portion of the data transcribers would need to be considered.

**14. Trail by Magistrate Judge:**

(a) The parties (____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____ , of 20 _____ .

(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this court.

Submitted this __17th__ day of __July__ , 20__07__

____Steven Ivey (pro se)_____
Counsel of Plaintiff                                             Counsel for Defendant

__July 17, '07__
Date                                                               Steven Ivey, Plaintiff

8

## SCHEDULING ORDER

      Upon review of the information contained in the (Joint) Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court except as herein modified.

_____

_____

_____

IT IS SO ORDERED, this _____ day of _____ , 20 _____ .


_____
UNITED STATES DISTRICT JUDGE

## Certification of Service

The attached document was sent by mail to:

Office of the Clerk
US District Court for DC
333 Constitution Ave, N.W.
Washington, DC, 20001

And by regular mail to:

Jeffery Taylor
Department of the Treasury
555 Fourth St., NW
Washington, DC, 20530

July 17, '07
Date

Steven Ivey
Plaintiff