IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN IVEY, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>HENRY M. PAULSON, Secretary, )<br>Department of the Treasury )<br>    Defendant. )<br>)<br>_____ ) | Case Number 07-0748 (RJL) |

**DEFENDANT'S RULE 16.3 REPORT**

Defendant Henry Paulson, through undersigned counsel, hereby submits a report addressing the matters set forth in Local Civil Rule 16.3. In accordance with Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f), the parties conferred on or about September 10, 2001 concerning scheduling and case management matters. After reviewing Plaintiff's proposed Rule 16.3 Report, Defendant sought an enlargement of time to submit a joint report. As indicated in that enlargement motion, Defendant intended to work with Plaintiff to prepare a joint report reflecting both parties' positions. See Dkt. Entry 12. However, Plaintiff filed his Rule 16.3 Report the next business day after Defendant sought an enlargement. See Dkt. Entry 15. Accordingly, the following report reflects only Defendant's position, and is not submitted jointly with Plaintiff.

**Statement of the Case**

**Defendant's Position:** To the extent that the undersigned counsel for Defendant can understand the Complaint and Amended Complaint, this seems to be a Title VII action brought by Plaintiff Steven Ivey, a former employee of the United States Department of the Treasury challenging his removal from federal service. Plaintiff will be unable to prevail on his claims for

several reasons. First, the Court lacks subject matter jurisdiction. Second, Plaintiff's claims are barred by issue and/or claim preclusion, because they involve issues related to the claims Ivey has raised in the numerous other federal district court actions he has filed concerning his employment at the Department of the Treasury. Third, this is not the proper venue for Title VII claims against the agency.

## Rule 16.3 Issues

1. Dispositive Motions:

**Defendant's Position:** There are no pending dispositive motions. However, Defendant believes that Plaintiff's complaint can be resolved through a motion to dismiss, and intends to file such a motion very soon. Any issue that survives Defendant's motion to dismiss can be decided by a motion for summary judgment.

2. Joinder/Amendment/Narrowing:

**Defendant's Position:** Defendant does not anticipate the necessity to join third parties, and is aware of no facts that would require Plaintiff to amend the pleadings further. Defendant does not believe that the legal or factual issues can be narrowed at this time.

3. Assignment To Magistrate Judge:

**Defendant's Position:** Defendant does not consent to assignment of this case to a magistrate judge for all purposes.

4. Settlement Possibility:

**Defendant's Position:**  Defendant believes there is little possibility of settling the case at this point.  Defendant will inform the Court if the possibility of settlement becomes realistic in the future.

5. Alternative Dispute Procedures:

**Defendant's Position:**  At this time, Defendant does not believe that the case could benefit from the Court's ADR process.

6. Dispositive Motions:

**Defendant's Position:**  Defendant believes that Plaintiff's complaint can be resolved through a motion to dismiss, and that any issue that survives such a motion can be decided by a motion for summary judgment.  Defendant proposes that any schedule for dispositive motions be deferred until after the Court has ruled on Defendant's motion to dismiss.  In the alternative, if the Court wishes to set a firm schedule at this stage of the proceedings, Defendant proposes the following:

**Dispositive Motions:**  60 days after the close of discovery

**Oppositions:**  30 days after service of the dispositive motion

**Replies**: 21 days after service of opposition

7. Initial Disclosures:

**Defendant's Position**:  Defendant proposes that the parties agree to dispense with the initial disclosures authorized under Fed. R. Civ.P. 26(a)(1).  Should Plaintiff wish to exchange initial disclosures, Defendant proposes that the initial disclosures be due 30 days after the Court holds an Initial Scheduling Conference.

8. Discovery:

**Defendant's Position**: Defendant proposes that fact discovery be deferred until after the Court rules on Defendant's motion to dismiss.  If any claim survives the motion to dismiss, Defendant proposes that discovery commence upon issuance of the Court's ruling on Defendant's motion to dismiss.  Defendant proposes that discovery — should any be required — be completed within 120 days of the Court's issuance of a ruling on Defendant's motion to dismiss.  Should discovery be necessary in this case, Defendant anticipates standard discovery, i.e., Interrogatories, Requests for Production of Documents, Requests for Admissions, and depositions.  Defendant agrees to follow the Federal Rules of Civil Procedure in regards to the limits on discovery.

9. Experts:

    **Defendant's Position:** Defendant proposes that Plaintiff's expert(s) be designated no later than 60 days after the commencement of discovery, and that Defendant's experts be designated no later than 30 days thereafter.  Defendant further proposes that Plaintiff's expert disclosures be served at least 60 days prior to close of discovery.  Defendant proposes that Defendant's expert disclosures should be served within 30 days after service of Plaintiff's expert disclosures.  Defendant proposes that the expert disclosures shall, in accordance with Federal Rule of Civil Procedure 26(a)(2), include a written expert witness report.

10. Class Action Procedures:  Not applicable.

11. Bifurcation of Discovery or Trial:

**Defendant's Position:**  Defendant does not see any need for bifurcation.


12. Proposed Date For Pretrial Conference:

**Defendant's Position:** Defendant proposes that the pretrial conference date be set within 60 days after Court rules on post-discovery dispositive motions.

13. Trial Date:

**Defendant's Position:** Should a trial be necessary in this case, Defendant proposes setting the trial date at the pretrial conference.

14. Other Matters:

None.

Dated: September 27, 2007                    Respectfully submitted,

                                                         /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                                         /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

                                             /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198 Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 27th day of September, 2007, I caused the foregoing Rule 16.3 Report to be filed via the Court's Electronic Case Filing system, and to be served upon Plaintiff by first-class mail, postage prepaid, addressed as follows:

Steven Ivey
7611 S. Obt, # 278
Orlando, FL 32809

                              */s/ Robin M. Meriweather*
                              _____
                              ROBIN M. MERIWEATHER
                              ASSISTANT UNITED STATES ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEVEN IVEY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number 07-0748 (RJL) |
| | ) | |
| HENRY M. PAULSON, Secretary, | ) | |
| Department of the Treasury | ) | |
| Defendant. | ) | |

**SCHEDULING ORDER**

UPON CONSIDERATION of the parties' Meet and Confer Statements, filed pursuant to Local Rule 16.3, the following deadlines are hereby set in this case:

1      Fact discovery shall commence upon issuance of an order resolving Defendant's motion to dismiss. Should the Court grant Defendant's motion to dismiss, no fact discovery shall be had.

2      Motions for summary judgment shall be filed no later than 60 days after the close of discovery.

3      Oppositions to motions for summary judgment shall be filed within 30 days after service of the motions.

4      Replies regarding motions for summary judgment shall be filed within 21 days of service of the oppositions.

5      Plaintiff's expert(s) shall be designated no later than 60 days after the commencement of discovery. Defendant's experts shall be designated no later than 30 days thereafter.

6 Plaintiff's expert disclosures shall be served at least 60 days prior to the close of discovery.  Defendant's expert disclosures shall be served within 30 days after service of Plaintiff's expert disclosures.  Expert disclosures shall include a written expert witness report.

So ordered, this _____ day of _____, 2007.

_____
United States District Judge