**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

)
STEVEN IVEY,                                    )
      Plaintiff,                            )
)
      v.                                        )      Case Number 07-0748 (EGS)
)
HENRY M. PAULSON, Secretary,        )
Department of the Treasury,              )
      Defendant.                          )
)
_____ )

**OPPOSITION TO PLAINTIFF'S MOTION TO REASSIGN JUDGE**
**AND MOTION FOR JOINDER**

      Defendant Henry M. Paulson, through undersigned counsel, hereby opposes Plaintiff's

motion to reassign the judge and motion for joinder.  See Dkt. Entries 13, 14.  Neither motion

complied with the notice requirements of Local Rule 7(m), and could be denied for that reason

alone.  The motions also lack merit.  Notwithstanding Plaintiff's contrary assertions, this Court's

prior involvement in other litigation Plaintiff has filed, and Plaintiff's appeal of one of those

cases, does not disqualify District Judge Sullivan from presiding over the instant case.  Thus the

motion identifies no legitimate basis for this Court to recuse itself or reassign the case to a

different District Judge.  Plaintiff also has failed to provide adequate support for his motion for

joinder and for leave to amend the complaint to add three representatives of the National

Treasury Employees' Union ("NTEU") as defendants.  Joinder of parties pursuant to Rule 20(a)

— which is the Rule that would govern Plaintiff's request for joinder — is a matter of discretion.

However, Plaintiff already has unsuccessfully litigated a case against the same three NTEU

representatives in this Court, and the doctrines of issue and claim preclusion bar him from

relitigating those claims here.  Accordingly, Plaintiff has no claim for relief against those

representatives that would make joinder appropriate, and permitting him to amend the complaint to raise such claims would be futile. For all those reasons, Plaintiff's motions should be denied.

## **BACKGROUND**

While Plaintiff's Complaint is confusing and difficult to understand, Plaintiff appears to raise employment discrimination claims against the United States Department of Treasury ("DOT" or the "Department"), based on his employment at the the Internal Revenue Services' Atlanta Submission Processing Center. *See* Compl. at 1; Am. Compl. ¶ 3. He appears to contend that DOT improperly terminated his employment, and discriminatorily applied a rating scale to Plaintiff and other data transcribers. *See* Compl. at 1-2. The Complaint cites Title VII of the Civil Rights Act of 1964, the Civil Rights Reform Act of 1978, and 42 U.S.C. §§ 1981, 1983, 1986, 1988, and 2000e as the applicable laws. *See id.* at 9.

Plaintiff has filed several other employment discrimination cases against DOT, in this Court and other districts. *See, e.g.*, *Ivey v. Snow*, 2007 WL 2478886 (N.D. Ga. Aug. 28, 2007) (describing consolidation of Northern District of Georgia cases); *Ivey v. Snow*, 2006 WL 2711523 (D.D.C. Sept. 21, 2006); *Ivey v. Snow*, 2005 WL 758259 (D.D.C. Apr. 1, 2005). Plaintiff also has sued the NTEU and three of its representatives, alleging that their actions led to the termination of his employment at DOT, and otherwise harmed him. *Ivey v. National Treasury Employees Union*, 2007 WL 915229 (D.D.C. Mar. 27, 2007). Plaintiff's prior suits against DOT and NTEU were dismissed and/or transferred to the Northern District of Georgia.

## ARGUMENT

**I.    PLAINTIFF'S MOTION FAILS TO ESTABLISH THAT THE CASE SHOULD BE REASSIGNED TO ANOTHER DISTRICT JUDGE.**

The assignment of judges to a case is a matter committed to the Court's discretion and judgment, and Defendant will defer to the Court's decision on this matter.  However, Defendant respectfully submits that Plaintiff has identified no legitimate reason to question the propriety of the Court's assignment of this case to District Judge Sullivan.  Plaintiff's motion identifies no recognized grounds for recusal, and instead rests on Plaintiff's unsubstantiated fear that this Court is predisposed to rule against him.  Plaintiff's speculation concerning District Judge Sullivan's future resolution of this case does not come close to providing a basis for re-assigning the case to another District Judge.

Pursuant to 28 U.S.C. § 455, a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" if the judge "has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a), (b)(1).  "A motion to disqualify should not be granted lightly or where it lacks factual support."  *Murchison v. Inter-City Mtg. Corp. Profit Sharing & Pension Plans*, ___ F. Supp. 2d ___, 2007 WL 2219478, at *3 (D.D.C. Aug. 3, 2007).  Section 455 creates an objective standard pursuant to which courts ask "whether a reasonable and informed observer would question the judge's impartiality."  *West v. Spellings*, 2007 WL 2059731, at *1 (D.D.C. July 18, 2007).

Plaintiff's chief complaint appears to be that District Judge Sullivan presided over prior matters Plaintiff filed in this Court, and that Plaintiff has appealed one of those cases to the D.C.

Circuit. [1] *See* Mot. to Reassign at 1-2.  However, "judicial rulings alone almost never constitute a valid basis for a bias and impartiality motion."  *Liteky*, 510 U.S. at 555; *see also Taylor v. United States Marshal Service*, 2006 WL 3783245, at * 2 (D.D.C. Dec. 21, 2006) ("A judge's legal decisions are almost never grounds for a claim of bias or impartiality"); *Cotton v. Washington Metro. Area Transit Auth.*, 264 F. Supp.2d 39, 42 (D.D.C. 2003) (noting same and stating that plaintiff had cited no precedent indicating that a judge's "course of rulings" was sufficient to draw judge's impartiality into question).  Even if this Court had formed an opinion based on its review of the pleadings and exhibits submitted in Plaintiff's prior cases, that would not "constitute a basis for a bias or impartiality motion unless [the opinions] display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Cotton*, 264 F. Supp.2d at 42; *see also Liteky*, 510 U.S. at 551 ("Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings.").

None of the unfounded allegations in Plaintiff's motion would lead an objectively reasonable person to question the Court's impartiality, or to conclude that recusal is appropriate for any other reason.  Plaintiff's motion simply demonstrates that he disagrees with the rulings made in the prior cases he filed in this Court.  Plaintiff has chosen to mischaracterize those rulings as evidence of bias or improper conduct.  *See* Mot. to Reassign at 1-2.  But the fact that a District Judge handled another case involving one of the parties does not disqualify the Judge

---

[1] The motion to reassign states that Plaintiff has filed misconduct charges against District Judge Sullivan in the District of Columbia Circuit.  *See* Mot. to Reassign at 2.  However, to the extent the other portions of the motion reference D.C. Circuit proceedings, they appear to involve Plaintiff's direct appeals of the Court's orders.  Counsel for Defendant has searched the D.C. Circuit's docket via PACER, and has found nothing other than those direct appeals.

from hearing new matters involving that party. *See Liteky*, 510 U.S. at 551 (noting that it has "long been regarded as normal and proper for a judge to sit in the same case upon its remand and to sit in successive trials involving the same defendant"); *see also Taylor*, 2006 WL 3783245 at * 2 (noting that a"judge's legal decisions are almost never grounds for a claim of bias or impartiality"). It follows that District Judge Sullivan's prior rulings in other litigation in which Plaintiff was a party do not disqualify this Court from reviewing the instant case.

## II.    THERE IS NO BASIS TO PERMIT PLAINTIFF TO JOIN LABOR REPRESENTATIVES AS DEFENDANTS IN THIS CASE.

### A.    Rule 19 Does Not Apply To This Action Because the NTEU Representatives Are Not Necessary Parties.

Plaintiff seeks joinder pursuant to Federal Rule of Civil Procedure 19, which governs the joinder of parties necessary to the case. *See* Mot. for Joinder at 1. That rule provides for the joinder of parties if (1) in the party's absence "complete relief cannot be accorded among those already parties;" or (2) the party "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may ... as a practical matter impair or impede the person's ability to protect that interest ...." Fed. R. Civ. P. 19(a). Neither factor is present here.

The NTEU representatives are not necessary parties to this employment discrimination action. The claims Plaintiff has raised against DOT can be resolved without involving the NTEU in this action. While it is difficult to comprehend the complaint, Plaintiff appears to present employment discrimination claims arising out of his prior employment with DOT. NTEU was not, and is not alleged to have been, Plaintiff's employer. It follows that "complete relief" on the employment discrimination claims can be had if the NTEU representatives are not

named as co-defendants.  Indeed, the fact that Plaintiff has filed other discrimination cases

against DOT without naming NTEU suggests that Plaintiff himself recognizes that those claims

may proceed without NTEU's involvement.[2]

The NTEU representatives also have no "interest" in the current litigation.  Plaintiff

appears to contend that the NTEU representatives are interested parties because they allegedly

played a role in the termination of Plaintiff's employment.  However, "[a] mere claim that the

non-party has acted illegally is insufficient to create an 'interest' in the non-party under Rule

19(a)(2)."  *Hite v. Leeds Weld Equity Partners, IV LP*, 429 F. Supp. 2d 110 (D.D.C. 2006).

Defendant is aware of no other interests the NTEU representatives would have in this case.

**B.    Plaintiff's Motion Does Not Satisfy the Requirements for Joinder Under Federal Rule of Civil Procedure 20(a).**

Federal Rule of Civil Procedure 20(a) provides for joinder of multiple parties as

defendants "if there is asserted against them jointly, severally, or in the alternative, any right to

relief in respect of or arising out of the same transaction, occurrence, or series of transactions or

occurrences and if any question of law or fact common to all defendants will arise in the action."

Fed. R. Civ. P. 20(a).  "Whether particular circumstances warrant joinder is left to the sound

discretion of the district courts."  *Carabillo v. Ullico, Inc.*, 357 F. Supp.2d 249, 255 (D.D.C.

2004).  Given the discretionary nature of this issue, Defendant defers to the Court's judgment

concerning the propriety of allowing Plaintiff to join additional defendants.  However, Defendant

---

[2] Those prior lawsuits bar Plaintiff's current claims against the Department, under the doctrines of issue and claim preclusion.  Defendant will address those and other issues in its motion to dismiss.

respectfully submits that there is no basis for permitting Plaintiff to bring those additional individuals into this action.

Plaintiff's motion focuses on whether his prospective claims against the NTEU labor representatives arise out of the same transaction or occurrence as the claims against Defendant. *See* Mot. for Joinder at 1. However, the Court need not reach that aspect of Rule 20(a), because Plaintiff has no "right to relief" against those individuals. As discussed in more detail *infra*, Plaintiff already has unsuccessfully sued those individuals, and this Court dismissed his allegations that the NTEU representatives were involved in improper and illegal conduct concerning Plaintiff's prior employment with DOT. The doctrines of *res judicata* and collateral estoppel bar any future litigation.

Given the preclusive effect of the Court's prior rulings, any claims asserted against the NTEU representatives would not raise questions of law and/or fact common to those at issue here. The only question of law and/or fact would concern the scope of any preclusion defenses the NTEU representatives assert. That issue will not overlap at all with the questions of law or fact at issue in the instant case, as DOT was not a defendant in the NTEU litigation.

### C.    Plaintiff's Motion for Leave to Amend the Complaint Should Be Denied On the Grounds that Amendment Would be Futile.

Pursuant to Rule 15(a), a party may amend a pleading once as of right prior to an opposing party's filing of a responsive pleading. Fed. R. Civ. P. 15(a). Here, Plaintiff moved the Court for leave to file an amended complaint after Defendant responded to the Complaint. While in that circumstance "leave shall be freely given when justice so requires," the Court should not allow Plaintiff to amend his Complaint if doing so would be futile. *See James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996), *cert. denied*, 519 U.S. 1077

(1997) ("Courts may deny a motion to amend a complaint as futile ... if the proposed claim

would not survive a motion to dismiss."); *see also* 3 *Moore's Federal Practice* § 15.15[3], at 15-

48 (1999) ("Courts will not grant leave to amend ... when the proposed amendment is legally

insufficient and it would be futile to grant leave to amend.").

      Plaintiff's proposed amendments to the complaint would be futile because the

prospective claims against the NTEU representatives are barred by *res judicata* and collateral

estoppel.  The doctrine of claim preclusion (*res judicata*) bars Plaintiff from raising claims that

he raised, or could have raised, in prior litigation against the NTEU.  Claim preclusion prevents a

party from relitigating issues that were actually litigated in an earlier action as well as those that

could have been litigated but were not.  *See Apotex, Inc. v. Food and Drug Admin.*, 393 F.3d

210, 217-18 (D.C. Cir. 2004); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980); *I.A.M.*

*National Pension Fund v. Industrial Gear Mfg. Co.*, 723 F2d 944, 946, 950 (D.C. Cir. 1983).

The doctrine helps "conserve judicial resources, avoid inconsistent results, engender respect for

judgments of predictable and certain effect, and [ ] prevent serial forum-shopping and piecemeal

litigation."  *Hardison v. Alexander*, 655 F.2d 1281, 1299 (D.C. Cir. 1981); *see also Arizona v.*

*California*, 530 U.S. 392, 412 (2000) (noting that res judicata is "based on the avoidance of

unnecessary judicial waste").  A claim is precluded if (1) there is a sufficient identity between

the parties in the two suits, (2) there is a final judgment on the merits in an earlier action, and (3)

there is a sufficient identity of the cause of action in the two suits.  *See Stanford v. Potomac*

*Electric Power Co.*, 394 F. Supp.2d 81, 88 (D.D.C. 2005).  "Whether two cases implicate the

same cause of action turns on whether they share the same nucleus of facts."  *Apotex, Inc.*, 393

F.3d at 217-18.

In this case, claim preclusion bars Plaintiff from pursuing further claims against the three

NTEU representatives he wishes to name as defendants.  In the prior litigation against the NTEU

and its representatives, Plaintiff argued that his employment with the Department of the Treasury

was terminated "in part due to the improper and unconstitutional acts of the [NTEU] and three of

its representatives."  *Ivey v. National Treasury Employees Union*, 2007 WL 915229, at * 1

(D.D.C. 2007).  On March 27, 2007, the Court granted the defendants' motion to dismiss for lack

of subject matter jurisdiction and failure to state a claim. *See id.* at *1 - *5.  That was a final

appealable decision. *See* Exh. 1 (Order in No. 05-1147).  The three NTEU representatives named

as defendants in that suit were the same three individuals Plaintiff now seeks to join as

defendants in this action: Doug Van Buren, Lisa Porter, and Angela Strong.  *See id.*  The claims

Plaintiff wishes to add against those NTEU representatives also concern the representatives'

alleged involvement in the events surrounding Plaintiff's termination, and therefore arise out of

the same "nucleus of facts."  *See* Mot. for Joinder at 2-5; *Apotex*, *Inc.*, 393 F.3d at 217-18.

Those claims either were, or could have been, litigated in the prior action, and cannot be re-

litigated here.  *See Velikonja v. Ashcroft*, 355 F. Supp. 2d 197, 204 (D.D.C. 2005) (dismissing on

claim preclusion grounds all claims based on facts that predated the complaint plaintiff filed in a

prior employment discrimination action against defendant); *Coleman v. Potomac Elec. Power*

*Co.*, 310 F. Supp.2d 154, 161 (D.D.C. 2004) (concluding Title VII plaintiff "cannot now rely on

the identical facts to present a different theory of law on which recovery might be had").  Thus all

three elements of claim preclusion are met.

Plaintiff's prospective claims against the NTEU representatives also are barred by

collateral estoppel (issue preclusion).  The doctrine of issue preclusion (collateral estoppel) bars

Plaintiff from relitigating specific legal or factual issues that were resolved in *NTEU*.  Under that

doctrine, "once a court has decided an issue of fact or law necessary to its judgment, that

decision may preclude relitigation of the issue in a suit on a different cause of action involving a

party to the first case."  *Yamaha Corp. of Amer. v. United States*, 961 F.2d 245, 254 (D.C. Cir.

1992); *see also Nextwave Personal Communications, Inc. v. FCC*, 254 F.3d 130, 147 (D.C. Cir.

2001) ("a final judgment on the merits in a prior suit precludes subsequent relitigation of issues

actually litigated and determined in the prior suit, regardless of whether the subsequent suit is

based on the same cause of action."), *aff'd on other grounds*, 537 U.S. 293 (2003); *IAM Nat'l*

*Pension Fund*, 723 F.2d at 947 (same).  There are three elements necessary for issue preclusion:

> (1) the same issue now being raised must have been contested by the parties and
> submitted for judicial determination in the prior case; (2) the issue must have
> been actually and necessarily determined by a court of competent jurisdiction in
> that prior case; and (3) preclusion in the second case must not work a basic
> unfairness to the party bound by the first determination.

*Yamaha Corp.*, 961 F.2d at 254.

Issue preclusion applies here for substantially the same reason that claim preclusion

applies.  Having lost one case against NTEU, Plaintiff cannot impose upon this Court or the

prospective defendants "the onerous and unnecessary task of relitigating issues that already have

been decided in a full and fair proceeding."  *McLaughlin v. Bradlee*, 803 F.2d 1197, 1204 (D.C.

Cir. 1986).  This Court already has concluded that it lacks subject matter jurisdiction to review

Plaintiff's claims against the NTEU representatives, and that Plaintiff failed to state a claim

against them under 42 U.S.C. § 1981, 1983, 1986, or 1988, federal criminal statutes, or state

defamation law.  *See NTEU*, 2007 WL 915229, at *3-*5.  That holding collaterally estops

Plaintiff from raising the same issues in this case.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Reassign Judge, Motion for Joinder, and request for leave to amend the complaint, should be DENIED.

Dated: October 3, 2007                    Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/ Robin M. Meriweather_____
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198 Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of October, 2007, I caused the foregoing to be filed

via the Court's Electronic Case Filing system, and to be served upon Plaintiff by first-class mail,

postage prepaid, addressed as follows:


Steven Ivey
7611 S. Orange Blossom Terrace, # 278
Orlando, FL 32809

*/s/ Robin M. Meriweather*
_____
ROBIN M. MERIWEATHER
ASSISTANT UNITED STATES ATTORNEY

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,                          :
                                      :
                    Plaintiff,        :
        v.                            :        Civil Action No. 05-1147 (EGS)
                                      :
NATIONAL TREASURY                     :
EMPLOYEES UNION, *et al.*,             :
                                      :
                    Defendants.       :

## **ORDER**

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that plaintiff's Motion to Cancel Previous Amend Motion [Dkt. #23] is GRANTED.

Plaintiff's "Amended Defendants/Complaint As Per Rule 15" [Dkt. #23] is deemed plaintiff's

Amended Complaint.  Defendant's Motion to Dismiss [Dkt. #10] and plaintiff's Motion to

Amend Defendants['s] Complaint as per Rule 15 [Dkt. #13] are DENIED as moot.  It is further

        ORDERED that plaintiff's Motion to Reassign Judge [Dkt. #22] IS DENIED.  It is further

        ORDERED that defendant's Motion to Dismiss the Plaintiff's Amended Complaint for

Lack of Jurisdiction and Failure to State a Claim Upon Which Relief can be Granted [Dkt. #24]

is GRANTED.  It is further

        ORDERED that defendant's Motion to Strike [Dkt. #30] is GRANTED.  It is further

        ORDERED that this civil action is DISMISSED WITH PREJUDICE.  This is a final

appealable Order.  *See* Fed. R. App. P. 4(a).

        SO ORDERED.

                              Signed:      EMMET G. SULLIVAN
                                           United States District Judge

                              Dated:       March 27, 2007