## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____ )
                                   )
Steven Ivey,                       )
          Plaintiff,               )
                                   )
v.                                 )          Case Number 07-0748 (RJL)
                                   )
Henry M. Paulson, Secretary,       )
Department of the Treasury         )
          Defendant.               )
                                   )
_____ )

## MOTION TO DISMISS

Defendant Henry M. Paulson, Secretary, Department of the Treasury, through

undersigned counsel, moves that this case be dismissed pursuant to Federal Rule of Civil

Procedure 12(b)(1), 12(b)(3), and 12(b)(6).  The Court lacks jurisdiction to review several of

Plaintiff's claims, because the United States has not waived its sovereign immunity.  All of

Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel, because he

has unsuccessfully raised the same or similar claims in prior litigation.  Finally, this Court is not

the proper venue for Plaintiff's employment discrimination claims.  A memorandum of points

and authorities and proposed order are submitted herewith.

Dated: October 19, 2007                     Respectfully submitted,

                                            _____/s/ by RMM_____
                                            JEFFREY A. TAYLOR, D.C. BAR # 498610
                                            United States Attorney

                                            _____/s/ by RMM_____
                                            RUDOLPH CONTRERAS, D.C. BAR #434122
                                            Assistant United States Attorney

_____/s/ Robin M. Meriweather_____
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198 Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov


**Of Counsel:**

Garry Wade Klein
Senior Attorney, General Legal Services
United States Department of the Treasury, Internal Revenue Service, Office of Chief Counsel

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                              )
Steven Ivey,                                  )
          Plaintiff,                          )
                                              )
v.                                            )          Case Number 07-0748 (RJL)
                                              )
Henry M. Paulson, Secretary,                  )
Department of the Treasury                    )
          Defendant.                          )
                                              )
_____ )

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION AND SUMMARY**

Plaintiff Steven Ivey is a former employee of the Internal Revenue Service's Atlanta

Submission Processing Center, who has filed a series of unsuccessful lawsuits against the

Department of Treasury ("DOT") and other parties.  In this case, Plaintiff alleges that DOT

discriminated against him when it terminated his employment, and applied discriminatory ratings

procedures to him and other data transcribers.  Plaintiff invokes Title VII of the Civil Rights Act

of 1964, the Rehabilitation Act, and 42 U.S.C. §§ 1981, 1983, 1986, and 1988.  All of Plaintiff's

claims should be dismissed.

The Court lacks jurisdiction to review most of Plaintiff's statutory claims.  Title VII

provides the exclusive remedy for Plaintiff's allegations of race and sex discrimination.  The

United States has not consented to suit for such claims pursuant to 42 U.S.C. sections 1981,

1983, 1986, and/or 1988.  To the extent the complaint can be read as raising disability

discrimination claims pursuant to the Rehabilitation Act, that statute would provide the exclusive

remedy for those claims.  Accordingly, the Court lacks jurisdiction over the claims premised on

Sections 1981, 1983, 1986, and 1988.  Further, Plaintiff's failure to exhaust administrative

remedies deprives the Court of jurisdiction to review the Rehabilitation Act claim.

Even if the Court had jurisdiction over those claims, they would be barred by the

doctrines of res judicata and collateral estoppel.  Plaintiff already has litigated most of these

claims in other federal district courts.  To the extent he has raised any new arguments here, they

could and should have been raised in the prior actions.  While Plaintiff may be dissatisfied with

the outcome of those cases, the law does not permit him to re-litigate the same issues and claims

in this Court.

Finally, this Court is the wrong forum for litigating Plaintiff's employment

discrimination claims.  Title VII contains a specific venue provision, which also governs claims

brought under the Rehabilitation Act.  That provision requires that Plaintiff's claims be brought

in the Northern District of Georgia.  Defendant seeks dismissal of the claims pursuant to Rule

12(b)(3), instead of transfer, because of the numerous deficiencies discussed above.

## STANDARD OF REVIEW

### A.    Motion to Dismiss Pursuant to Rule 12(b)(1)

In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal

Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual

allegations as true and draw all reasonable inferences in the plaintiff's favor."  *Thompson v.

Capitol Police Board*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is

not required, however, to accept inferences unsupported by the facts alleged or legal conclusions

that are cast as factual allegations."  *Rann v. Chao, Dep't. of Labor*, 154 F. Supp. 2d 61, 64

(D.D.C. 2001) (citations omitted), *affirmed*, 346 F.3d 192 (D.C. Cir. 2003), *cert. denied*, 125

S.Ct. 35 (2004).  In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." *Thompson*, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint. *See Herbert v. National Academy of Science*, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  *See id.*  In connection with this rule, Defendant has submitted herewith a declaration concerning venue.

### B.      Motion to Dismiss Pursuant to Rule 12(b)(3)

When reviewing a Rule 12(b)(3) motion, "the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Darby v. Dept. of Energy*, 231 F.Supp.2d 274, 276 (D.D.C. 2002); *see also Quarles v. General Investment & Dev. Co.*, 260 F. Supp. 2d 1, 8 (D.D.C. 2003).  Nonetheless, Plaintiff bears the burden of establishing that he has initiated the action in the appropriate forum.  *See Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).  Defendant may prevail on a motion to dismiss for improper venue by presenting facts sufficient to "defeat" Plaintiff's assertion of venue. *See 2215 Fifth St. Assocs. v. U-Haul Int'l*,148 F. Supp. 2d 50, 54 (D.D.C. 2001).

C.    **Motion to Dismiss Pursuant to Rule 12(b)(6)**

Rule 12(b)(6) requires dismissal if a plaintiff fails to plead enough facts to state a claim

for relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974

(2007) (abrogating prior standard which required the moving party to show that plaintiff can

prove no set of facts in support of its claim which would entitle it to relief).  This Court must

accept all well-pleaded facts as true.  *See Doe v. United States Dep't of Justice*, 753 F.2d 1092,

1102 (D.C. Cir. 1985).  The Court also must resolve all factual doubts in favor of the plaintiff,

and allow the plaintiff the benefit of all inferences.  *See EEOC v. St. Francis Xavier Parochial

Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).  "However, the court need not accept inferences drawn

by plaintiffs if such inferences are unsupported by the facts set out in the complaint."  *Kowal v.

MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## STATEMENT OF THE CASE

Plaintiff has raised employment discrimination claims against DOT based on his

employment at the Internal Revenue Service's Atlanta Submission Processing Center.  *See*

Compl. at 1; Am. Compl. ¶ 3.  He alleges that DOT improperly terminated his employment, and

also appears to contend that DOT applied a discriminatory rating scale to Plaintiff and other data

transcribers.  *See* Compl. at 1-2.  The Complaint cites Title VII of the Civil Rights Act of 1964,

the Civil Rights Reform Act of 1978, and 42 U.S.C. §§ 1981, 1983, 1986, 1988, and 2000e as the

applicable laws.  *See id.* at 9.

Plaintiff is a frequent filer in this Court and other federal district courts, and has initiated

several employment discrimination cases against DOT concerning the termination of his

employment.  *See, e.g.*, *Ivey v. Paulson,* 2007 WL 216284 (11th Cir. Jan. 29, 2007); *Ivey v.*

-4-

*Snow*, 2007 WL 2478886, *1 (N.D. Ga. Aug. 28, 2007) (discussing history of cases Plaintiff filed in the Northern District of Georgia); *Ivey v. Paulson*, 2007 WL 1129001 (M.D. Fla. Apr. 16, 2007); *Ivey v. Snow*, 2006 WL 2711523 (D.D.C. Sept. 21, 2006); *Ivey v. Snow*, 2005 WL 758259 (D.D.C. Apr. 1, 2005); *Ivey v. Dep't of Treasury*, 2004 WL 1799405 (Fed. Cir. Aug. 5, 2004).  Although Plaintiff has advanced a number of theories in those cases, he has not prevailed in any of them.  The Eleventh Circuit affirmed the district court's award of summary judgment to Defendant in an appeal of three consolidated cases in which Plaintiff raised claims of race and sex discrimination, constitutional violations, violations of the Whistleblower Protection Act, and retaliation.  *See Paulson*, 2007 WL 216284, at * 5.  The Northern District of Georgia dismissed a separate lawsuit in which Plaintiff attempted to raise age discrimination claims, finding that it lacked jurisdiction because Plaintiff did not exhaust his administrative remedies.  *See Snow*, 2007 WL 2478886 (N.D. Ga. Aug. 28, 2007).  The Middle District of Florida rejected Plaintiff's claims that DOT committed libel and slander, discriminated against him, and violated 42 U.S.C. § 1981, 1983, 1986, and 1988.  *See Paulson*, 2007 WL 1129001, at *1, *4.  The Federal Circuit denied Plaintiff's challenge to a Merit Systems Protection Board order denying Plaintiff's request for corrective action, and concluded that DOT "terminated Mr. Ivey for poor performance," and not for engaging in protected activities.  *Dep't of Treasury*, 2004 WL 1799405, at *2.

This Court has reviewed several prior cases concerning Plaintiff's employment at DOT; two were brought against the Secretary of the Department of the Treasury, and one was brought against labor representatives from the National Treasury Employees' Union.  *See Snow*, 2006 WL 2711523; *Snow*, 2005 WL 758259; *Ivey v. National Treasury Employees Union*, 2007 WL

915229 (D.D.C. Mar. 27, 2007).  This Court transferred the first employment discrimination case

to the Northern District of Georgia, where it was assigned No. 1:05-cv-1150-JOF.  *See Snow*,

2005 WL 758259, at *2.  The Northern District of Georgia dismissed the case for want of

prosecution. *See Snow*, 2007 WL 2478877, at *1 n.1 (discussing outcome of Ivey's prior

lawsuits).  The Court also transferred the second employment discrimination case to the

Northern District of Georgia.  *See Snow*, 2006 WL 2711523, at *2-*3.  The Northern District of

Georgia dismissed the case on August 28, 2007.  *See Snow*, 2007 WL 2478886, at *2-*4.  In

addition, Plaintiff has had two complaints dismissed in this District *sua sponte* for failure to

comply with the minimum pleadings requirements of Fed. R. Civ. P. 8(a).  Those cases were *Ivey

v. Snow*, No. 04-1272-UNA (see Docket Nos. 5 and 6) and *Ivey v. Snow*, No. 04-0763-UNA (see

Docket Nos. 5 and 6).

## ARGUMENT

I.     **THE COURT LACKS JURISDICTION TO REVIEW PLAINTIFF'S CLAIMS
       ALLEGING VIOLATIONS OF 42 U.S.C. §§ 1981, 1982, 1983, 1986, AND 1988.**

All of Plaintiff's claims seek redress for alleged employment discrimination by a federal

agency (DOT), and the Complaint cites Title VII of the Civil Rights Act, and the Rehabilitation

Act.  *See* Compl. at 9.  Title VII , 42 U.S.C. § 2000e-16, establishes "an exclusive, preemptive

administrative scheme for the redress of federal employment discrimination."  *Brown v. General

Services Admin*., 425 U.S. 820, 829 (1976).  Section 501 of the Rehabilitation Act provides the

exclusive remedy for the redress of discrimination on the basis of a federal employee's

disability.  *See Raines v. United States Dep't of Justice*, 424 F. Supp. 2d 60, 64 (D.D.C. 2006);

*Jordan v. Evans*, 404 F. Supp. 2d 28, 30 (D.D.C. 2005); *see also Taylor v. Small*, 350 F.3d 1286,

1291-92 (D.C. Cir. 2003) (concluding Section 501 was sole remedy available to federal

-6-

employee and section 504 of the Rehabilitation Act did not provide an alternative remedy). However, Plaintiff's complaint cites the Civil Rights Statutes, codified at 42 U.S.C. §§ 1981-88, in addition to Title VII and the Rehabilitation Act.  Compl. at 9.  The claims premised on those Civil Rights Statutes should be dismissed for lack of jurisdiction.

It is settled that the United States, as sovereign, "is immune from suit save as it consents to be sued, and the terms of consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see also United States v. Orleans*, 425 U.S. 807 (1976); *United States v. Testan*, 424 U.S. 392, 399 (1976) ("except as Congress has consented to a cause of action against the United States, 'there is no jurisdiction . . . to entertain suits against the United States'") (*quoting Sherwood*, 312 U.S. at 587-88).  Thus, a waiver of sovereign immunity is a jurisdictional prerequisite to maintaining a lawsuit against the federal government.  *United States v. Mitchell*, 463 U.S. 206 (1983); *United States v. Shaw*, 309 U.S. 495, 500-01 (1940) (the United States is immune from suit unless it has expressly waived sovereign immunity and consented to be sued).  Where the federal government waives its immunity from suit, as in Title VII, "limitations and conditions upon which the Government consents to be sued must be strictly observed, and exceptions thereto are not to be implied."  *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981) ("a waiver of [sovereign] immunity . . . must be 'unequivocally expressed'"); *see also United States v. Nordic Village*, 503 U.S. 30, 33-34 (1992); *United States v. King*, 395 U.S. 1, 4 (1969).  Such waivers are construed "strictly in favor of the sovereign."  *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986); *King*, 395 U.S. at 4; *United States v. Erika, Inc.*, 456 U.S. 201, 206 n.6 (1982).

A party bringing suit against the United States bears the burden to prove that the government has unequivocally waived its immunity. *See Sherwood*, 312 U.S. at 586; *Interstate Bank Dallas, N.A., v. United States*, 769 F.2d 299, 303 (5th Cir. 1985); *Cominotto v. United States*, 802 F.2d 1127, 1129 (9th Cir. 1986); *Cole v. United States*, 657 F.2d 107, 109 (7th Cir.), *cert. denied*, 454 U.S. 1083 (1981). In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." *Thompson v. Capitol Police Board*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000).

Plaintiff accuses DOT of violating 42 U.S.C. §§ 1981, 1983, 1986 and 1988. None of these statutory provisions waives the United States' sovereign immunity from suit. *Unimex, Inc. v. HUD*, 594 F.2d 1060, 1061 (5th Cir. 1979) (citations omitted); *see also United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) (citing *Unimex*, 594 F.2d at 1061). The statutory provisions of the Civil Rights Statutes do not create substantive rights and thus subject matter jurisdiction; they merely serve as procedural devices for enforcing substantive provisions of the Constitution and federal statutes. *See, e.g.*, *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979) (concerning 42 U.S.C. § 1983). The jurisdictional section corresponding to the Civil Rights Statutes is 28 U.S.C. § 1343, which applies only to suits seeking redress for deprivations of federal rights under color of *state* law and thus does not waive the federal government's sovereign immunity. *See Vincent v. HHS*, 600 F. Supp. 110, 111 (D. Nev. 1984) (citations omitted), *affirmed*, 794 F.2d 683 (9th Cir. 1986). Generally, the Civil Rights Statutes extend liability only to "persons." The United States is not a "person" subject to suit under these

provisions. *Proffitt v. United States*, 758 F. Supp. 342, 344-45 (E.D. Va. 1990) (citations omitted).

A careful reading of the Complaint indicates that what Plaintiff is complaining about is within the ambit of Title VII. Plaintiff alleges that he was discriminated against on the basis of his race and sex when he was an employee of the United States Department of the Treasury. *See* Complaint at 1-2. Title VII is the exclusive remedy for those claims, and the only waiver of the United States' sovereign immunity that Plaintiff may invoke.

Although the Rehabilitation Act waives the United States' sovereign immunity for claims of disability discrimination, Plaintiff has not raised any such claim here. The complaint neither alleges that Plaintiff is an individual with a disability, nor that he was discriminated against on that basis. Accordingly, it is difficult to discern why Plaintiff has referenced the Rehabilitation Act in this case. However, that statute does not provide a remedy, or waiver of immunity, for claims of race and/or sex discrimination. Accordingly, Plaintiff's invocation of that statute is misplaced.[1]

## II.    TO THE EXTENT THE COMPLAINT RAISES A REHABILITATION ACT CLAIM, IT MUST BE DISMISSED FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM.

The Rehabilitation Act provides the exclusive remedy for a federal employee who alleges discrimination on the basis of a disability. *See Raines*, 424 F. Supp. 2d at 64. However, the employee must comply with the statute's administrative exhaustion requirements as a precondition to bringing a Rehabilitation Act suit. *See Spinelli v. Goss*, 446 F.3d 159, 162 (D.C.

---

[1] If Plaintiff had raised claims of disability discrimination, the Rehabilitation Act would be his exclusive remedy. *See Jordan*, 404 F. Supp. 2d at 30.

Cir. 2006); 29 U.S.C. § 749(a)(1) (providing judicial remedies for employees "aggrieved by the final disposition" of an administrative complaint). "Exhaustion is required in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary." *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir.1985); *see also Sommatino v. United States*, 255 F.3d 704, 710 (9th Cir. 2001). A plaintiff's failure to file an administrative complaint deprives federal district courts of jurisdiction to review the plaintiff's Rehabilitation Act claim. *See Spinelli*, 446 F.3d at 162; *see also International Union v. Clark*, 2006 WL 2598046, at *10 (D.D.C. Sept. 11, 2006) (concluding that *Spinelli* "explains quite clearly that exhaustion is mandatory under the Rehabilitation Act" and failure to exhaust is a jurisdictional defect).

Plaintiff did not raise disability as a basis for discrimination in the formal EEO complaint in which he raised his race and sex discrimination claims. *See* Exh. 2 at 1 (EEO Decision). However Plaintiff's Complaint, in an oblique way, seems to claim that he is entitled to relief under the Rehabilitation Act of 1973. *See* Compl. at 9. As noted *supra*, it is not clear whether Plaintiff believes the Rehabilitation Act provides a remedy for race and sex discrimination — which it plainly does not — or whether his citation of that statute reflects an intent to raise a claim for disability discrimination. However, his failure to exhaust his administrative remedies precludes him from raising a Rehabilitation Act claim in this Court.

Plaintiff also has failed to state a claim under the Rehabilitation Act. To establish a prima facie case of failure to accommodate a disability, Plaintiff must demonstrate, *inter alia*, that: (1) he is a qualified person with a disability; and (2) with a reasonable accommodation, he could perform the essential functions of his job. *See Flemmings v. Howard Univ.*, 198 F.3d 857,

-10-

861 (D.C. Cir. 1999).  EEOC regulations define an individual with a disability as a person with "a physical or mental impairment that substantially limits one or more of the major life activities of such individual . . . a record of such impairment; or . . . being regarded as having such an impairment."  29 C.F.R. § 1630.2(g) (2002).

Plaintiff never alleges that he has a disability, informed DOT of any such disability, or that he requested an accommodation.  The Complaint does not even state what Plaintiff's alleged disability is.  Without sufficient notice of a qualifying disability or a request for an accommodation, DOT had no legal obligation to provide an accommodation.  *See Evans v. Davis Memorial Goodwill Industries*, 133 F.Supp. 2d 24 (D.D.C. 2000).  Purely as a matter of law, the plain language of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), requires that the employer must have knowledge of the employee's disability, not merely the symptoms thereof, in order to be found liable for discrimination based upon disability.  For these reasons, in addition to the fact that Plaintiff failed to exhaust a disability claim with DOT, Plaintiff's newly-raised Rehabilitation Act claim must be dismissed.

## III.    PLAINTIFF'S CLAIMS ARE BARRED BY RES JUDICATA AND COLLATERAL ESTOPPEL.

### A.    The Res Judicata Doctrine Prevents Plaintiff From Relitigating His Claims Against DOT Because He Has Or Could Have Raised the Same Claims in Prior Litigation.

The doctrine of claim preclusion (*res judicata*) bars Plaintiff from raising claims that he raised, or could have raised, in prior litigation against Defendant.  Claim preclusion prevents a party from relitigating issues that were actually litigated in an earlier action as well as those that could have been litigated but were not.  *See Apotex, Inc. v. Food and Drug Admin.*, 393 F.3d 210, 217-18 (D.C. Cir. 2004); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980); *I.A.M.*

*National Pension Fund v. Industrial Gear Mfg. Co.*, 723 F2d 944, 946, 950 (D.C. Cir. 1983). The doctrine helps "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and [ ] prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1299 (D.C. Cir. 1981); *see also Arizona v. California*, 530 U.S. 392, 412 (2000) (noting that res judicata is "based on the avoidance of unnecessary judicial waste"). A claim is precluded if (1) there is a sufficient identity between the parties in the two suits, (2) there is a final judgment on the merits in an earlier action, and (3) there is a sufficient identity of the cause of action in the two suits. *See Stanford v. Potomac Electric Power Co.*, 394 F. Supp.2d 81, 88 (D.D.C. 2005). "Whether two cases implicate the same cause of action turns on whether they share the same nucleus of facts." *Apotex, Inc.*, 393 F.3d at 217-18.

In this case, *res judicata* bars all of Plaintiff's claims. As noted, Plaintiff has filed several lawsuits against the Secretary of the Treasury. *See Snow*, 2007 WL 2478877, at *1 (noting that Plaintiff had filed five prior lawsuits regarding his employment at the Department of the Treasury). At least two of those lawsuits preclude Plaintiff's current claims.

*Ivey v. Paulson*, 2007 WL 216284 (11th Cir. Jan. 29, 2007), has preclusive effect with respect to all of Plaintiff's claims. In that case, the Eleventh Circuit affirmed the district court's award of summary judgment to Defendant in three consolidated cases. The parties in *Ivey v. Paulson* are identical to the parties here — Plaintiff and the Secretary of the Department of the Treasury. *See id.* at *1. The Eleventh Circuit issued a final decision on the merits, and the Supreme Court denied Plaintiff's petition for *certiorari*. *See id.* at *5 (affirming district court's

-12-

award of summary judgment to Defendants); *Ivey v. Paulson*, ___ S. Ct. ___, 2007 WL 1768369

(U.S. Oct. 1, 2007) (denying *certiorari* petition).

   *Ivey v. Paulson* "ar[o]se out of Ivey's previous employment as a seasonal data transcriber

with the Internal Revenue Service (IRS) in its Chamblee, Georgia office between January 1999

and March 2001." *Ivey*, 2007 WL 216284, at *1. This case also concerns Plaintiff's prior

employment as a data transcriber, *see* Compl. at 1, and therefore involves the same "nucleus of

facts" as the Eleventh Circuit appeal. *Apotex, Inc.*, 393 F.3d at 217-18. The claims alleging

employment discrimination and violations of 42 U.S.C. §§ 1981, 1983, and 1986 either were, or

could have been, litigated in the prior action, and cannot be re-litigated here. Although there are

slight variances in the legal theories Plaintiff raises here — for instance, he cites the

Rehabilitation Act in addition to Title VII — those nuances do not diminish the preclusive effect

of the Eleventh Circuit's ruling. *See Velikonja v. Ashcroft*, 355 F. Supp. 2d 197, 204 (D.D.C.

2005) (dismissing on claim preclusion grounds all claims based on facts that predated the

complaint plaintiff filed in a prior employment discrimination action against defendant);

*Coleman v. Potomac Elec. Power Co.*, 310 F. Supp.2d 154, 161 (D.D.C. 2004) (concluding Title

VII plaintiff "cannot now rely on the identical facts to present a different theory of law on which

recovery might be had"). Thus all three elements of claim preclusion are met.

   Plaintiff's Middle District of Florida lawsuit also has *res judicata* effect. *See Ivey v.*

*Paulson*, 2007 WL 1129001 (M.D. Fla. Apr. 16, 2007). There, Plaintiff accused Defendant of

libel, slander, employment discrimination, and violating 42 U.S.C. § 1981, 1983, 1986, and

1988. *See id.* at *2-*3. The district court adopted the magistrate's order and dismissed

Plaintiff's claims with prejudice for failure to state a claim. *See id.* at *1,*4. The parties were

-13-

identical to the parties in this case. *See id.* at *1. Like the instant case, *Ivey v. Paulson* arose out

of Plaintiff's prior employment as a data transcriber. *See id.* at *1-*2. Accordingly, Plaintiff's

current claims repeat the arguments Plaintiff raised, or could have raised, in that case.

Permitting Plaintiff to litigate those claims again in this Court would waste judicial resources.

      **B.**    **Collateral Estoppel Bars Plaintiff's Claims Because Other Courts Already**
           **Have Resolved The Relevant Legal and Factual Issues.**

      Plaintiff's claims also are barred by collateral estoppel (issue preclusion). The doctrine

of issue preclusion bars Plaintiff from relitigating specific legal or factual issues that were

resolved in a prior case. Under that doctrine, "once a court has decided an issue of fact or law

necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a

different cause of action involving a party to the first case." *Yamaha Corp. of Amer. v. United*

*States*, 961 F.2d 245, 254 (D.C. Cir. 1992); *see also Nextwave Personal Communications, Inc. v.*

*FCC*, 254 F.3d 130, 147 (D.C. Cir. 2001) ("a final judgment on the merits in a prior suit

precludes subsequent relitigation of issues actually litigated and determined in the prior suit,

regardless of whether the subsequent suit is based on the same cause of action"), *aff'd on other*

*grounds*, 537 U.S. 293 (2003); *IAM Nat'l Pension Fund*, 723 F.2d at 947 (same). There are three

elements necessary for issue preclusion:

> (1) the same issue now being raised must have been contested by the parties and
> submitted for judicial determination in the prior case; (2) the issue must have
> been actually and necessarily determined by a court of competent jurisdiction in
> that prior case; and (3) preclusion in the second case must not work a basic
> unfairness to the party bound by the first determination.

*Yamaha Corp.*, 961 F.2d at 254.

      Issue preclusion applies here for substantially the same reason that claim preclusion

applies. Plaintiff has filed multiple lawsuits in at least three different federal district courts and

-14-

the Federal Circuit, which have consistently been resolved in Defendant's favor. Indeed, this is

the *third* suit he has filed in this Court. Having lost several cases concerning his prior

employment at DOT, Plaintiff cannot impose upon this Court or Defendant "the onerous and

unnecessary task of relitigating issues that already have been decided in a full and fair

proceeding." *McLaughlin v. Bradlee*, 803 F.2d 1197, 1204 (D.C. Cir. 1986). The Middle

District of Florida already has concluded that Plaintiff failed to state a claim against Defendant

under 42 U.S.C. §§ 1981, 1983, 1986, and 1988. *See Ivey*, 2007 WL 1129001 at *2-*4. The

Eleventh Circuit has concluded that Plaintiff failed to state a *prima facie* case of race or sex

discrimination concerning his prior employment at DOT. *See Ivey*, 2007 WL 2007 WL 216284,

at *5. The Federal Circuit has held that Plaintiff's employment was terminated "for poor

performance." *Dep't of Treasury*, 2004 WL 1799405, at *2. Those holdings collaterally estop

Plaintiff from raising the same issues in this case.

## IV.    THIS COURT IS NOT THE PROPER VENUE FOR PLAINTIFF'S EMPLOYMENT DISCRIMINATION CLAIMS.

Title VII  contains a specific venue provision, which is codified at 42 U.S.C. § 2000e-

5(f)(3). That provision limits the forums in which employment discrimination claims may be

brought under Title VII and the Rehabilitation Act.[2] *See Stebbins v. State Farm Mut. Ins. Co.*,

413 F.2d 1100, 1102 (D.C. Cir. 1969) ("The venue of the right of action here in suit [under Title

VII] was limited by the statute which created the right."); *Beaird v. Gonzales*, 495 F. Supp.2d 81,

83 n. 3 (D.D.C. 2007) ("The proper venue for litigating a Rehabilitation Act claim is determined

---

[2] As noted *supra*, Plaintiff cites the Rehabilitation Act in the complaint, but does not allege discrimination on the basis of a disability. Accordingly, there appears to be no Rehabilitation Act claim in this case. However, as that statute is governed by the same venue provisions as the Title VII claims, Defendant has referenced both statutes in this venue analysis.

by the special venue provisions of Title VII of the Civil Rights Act."). Venue is proper only in the following four places: (1) where "the unlawful employment practice is alleged to have been committed"; (2) where "the employment records relevant to such [unlawful employment] practice are maintained and administered"; (3) where plaintiff "would have worked but for the allegedly unlawful employment practice"; or (4) where defendant "has his principal office" (but *only* if defendant "is not found" in any of the three preceding districts). 42 U.S.C. § 2000e-5(f)(3).

The District of Columbia would not be the proper forum under any of the criteria for establishing venue. First, the alleged unlawful employment practice was not committed in this district. Plaintiff was employed at the Internal Revenue Services' Atlanta Submission Processing Center located in Chamblee, Georgia. *See* Exh.1, Decl. of Garry Wade Klein at ¶ 4. Second, none of Plaintiff's employment records are maintained and administered in the District of Columbia. Plaintiff's relevant employment records are located in the Northern District of Georgia. *See id.* at ¶ 6. In addition, the relevant management witnesses in this case are located in the Northern District of Georgia. *See id.* at ¶ 7. Third, as noted above, Plaintiff would not have worked in this District at the time period identified in the Complaint. *See id.* at ¶ 4.

Finally, Plaintiff cannot rely on the fourth prong of the venue statute in § 2000e-5(f)(3) to establish venue here merely because Defendant's principal office is located in this District. The statute itself provides that this fourth prong is available only "if the respondent is not found within any such district" covered by one of the three preceding prongs. *See Stebbins,* 413 F.2d at 1103 ("Only where the putative employer cannot be brought before the court in one of those districts may the action be filed in the judicial district in which he has 'his principal office.'");

-16-

*Darby v. U.S. Dept. of Energy*, 231 F. Supp. 2d 274, 278 (D.D.C. 2002).  In the present case,

Defendant can be "found" and subject to suit in the Northern District of Georgia, where Plaintiff

worked before he was terminated.  Accordingly, pursuant to 28 U.S.C. § 1406(a) and Federal

Rule 12(b)(3), this case should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant requests that Plaintiff's complaint be DISMISSED

with prejudice.

Dated: October 19, 2007                              Respectfully submitted,


       /s/ by RMM
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


       /s/ by RMM
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


       /s/   Robin M. Meriweather
_____
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198 Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov


**Of Counsel:**

Garry Wade Klein
Senior Attorney, General Legal Services
United States Department of the Treasury, Internal Revenue Service, Office of Chief Counsel

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of October, 2007, I caused the foregoing to be filed

via the Court's Electronic Case Filing system, and to be served upon Plaintiff by first-class mail,

postage prepaid, addressed as follows:


Steven Ivey
7611 S. Orange Blossom Terrace, # 278
Orlando, FL 32809


                                    */s/ Robin M. Meriweather*
                          _____
                                    ROBIN M. MERIWEATHER
                                    ASSISTANT UNITED STATES ATTORNEY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| Steven Ivey, ) | |
|         Plaintiff, ) | |
| ) | |
| v. ) | Case Number 07-0748 (RJL) |
| ) | |
| Henry M. Paulson, Secretary, ) | |
| Department of the Treasury ) | |
|         Defendant. ) | |
| ) | |
| _____ ) | |

## ORDER

Upon consideration of Defendant's Motion to Dismiss, it is this _____ day of _____,

ORDERED that Defendant's Motion be and hereby is GRANTED;

it is further ORDERED that Plaintiff's Complaint be and hereby is DISMISSED WITH PREJUDICE.

SO ORDERED.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,                              )
        Plaintiff,                     )
                                )     Civil No. 07-0748
                 v.                )
                                )
HENRY PAULSON, SECRETARY          )
U.S. Department of the Treasury, et. al, )
        Defendants.                     )

DECLARATION OF GARRY WADE KLEIN

      I, GARRY WADE KLEIN, pursuant to 28 U.S.C. § 1746, declare and state as follows:

      1.     I am a senior attorney in the Atlanta Area Counsel (General Legal Services), Office of the Chief Counsel for the Internal Revenue Service (IRS).

      2.     As a senior attorney in General Legal Services, I am responsible for representing the Agency in administrative appeals filed with the Merit Systems Protection Board and the Equal Employment Opportunity Commission.

      3.     I was assigned several such cases involving former IRS employee Steven Ivey.

      4.     The Plaintiff was employed at the IRS Atlanta Submission Processing Center, located in Chamblee, Georgia.

      5.     The Plaintiff's employment with the IRS in Georgia was terminated during his probationary period.

      6.     In representing the Internal Revenue Service, Department of Treasury, in

the appeals filed by the Plaintiff with the Merit Systems Protection Board and the Equal Employment Opportunity Commission, I obtained the relevant and material records from the IRS officials located in the Northern District of Georgia.

7.    Additionally, all necessary and relevant IRS management witnesses who have knowledge regarding the Plaintiff's termination are located in the Northern District of Georgia.

I declare under penalty of perjury that the foregoing document consisting of two pages is true and correct.

Executed this 12th day of October, 2007, in Atlanta, Georgia.

GARRY WADE KLEIN
Senior Attorney
Atlanta Area Counsel (GLS)
Office of the Chief Counsel
Internal Revenue Service
401 W. Peachtree Street, Suite 640
Atlanta, GA  30308-3539

2

FILED

AUG 1 3 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court
## For The District of the District of Columbia

Steven Ivey,    147 Newbern's Lndg Rd
                 Powells Point, NC 27966

**Plaintiff,**

**V.**

**John W. Snow, Secretary,**
**U.S. Department of the Treasury,**

**Defendant.**

CASE NUMBER  1:04CV01377

JUDGE: Emmet G. Sullivan

DECK TYPE: Employment Discrimination

DATE STAMP: 08/**■**/2004
                 13

JURY
ACTION

## COMPLAINT PURSUANT TO RULE 8 OF FEDERAL RULES OF CIVIL PROCEDURE

The jurisdiction for this case as per Federal Rules of Civil Procedure, Rule 8(a), can be seen from the collective avoidance in following proper by the Treasury Department, defendant, in concerns leading to the termination of Steven Ivey, plaintiff. Much of the facts relating to the termination can be seen stemming in part from related case pending in District Court in the District of Columbia as well as further non-compliance to federal procedure in the processing of accusations toward the plaintiff. The Restructuring and Reform Act of 1998 was violated in relation to the plaintiff so as to terminate his employment with the Treasury on March 7, 2001. Accusations of insubordination by employee Kelly Mancle as further stipulated by employee Robert Hall were not processed according 5 USCS 7513- Cause and Procedure. In addition, 5 USCS 7513(b)(1),(2)&(3) states that the plaintiff is entitled to 30 days advance written

1

①

notice of actions proposed against him; a reasonable time but not less than 7 days to

answer with evidence to support the answer; and to choose to be represented.

Kelly Mancle's accusations of February 20, 2001 are false. Kelly Mancle stipulates

accusations so as to provoke the plaintiff and to disguise her past violations of

department violations.

       The plaintiff notified the Inspector General of Taxation, Tax

Commissioner, supervisor Linda Ferguson, and other agencies. This would signify the

involvement of these in the termination of the plaintiff by not following proper

procedures which is their direct responsibility.

       The incidences leading up to the plaintiff's termination did not

follow the procedures as outlined in the Restructing and Reform Act of 1998 (RRA98).

In Lisa Lee's testimony as given to the EEO investigator, she stated that Robert Hall

initiated the efforts to terminate Steven Ivey. The stipulations of the RRA98 state that

those individuals involved in any compliant can not be the deciding individuals in a

matter such as presented for this case. This would mean that Linda Ferguson, Robert Hall

and the participating managers were in violation of RRA98 for said reason. The RRA98

also stipulates that for all violations, including those the plaintiff reported, there is to be

an Allegation Form filled out by the Supervisor/Manager. This was not done for any

violations that the plaintiff reported or about those report February 20, 2001 by Kelly

Mancle and Robert Hall. To further, the RRA98 stipulates that such matters are to be

reviewed by the Central Adjudication Unit (CAU) comprising of a board wherein the

Inspector General for Taxation is a member. This demonstrates that the plaintiff's

2

termination was not normal procedure.

The procedures not being followed and the related violations indicated that the Dept. of the Treasury wanted to remove the appellant as soon as possible as well as discredit the appellant in an attempt to obstruct justice and the processing of the complaints filed.   Letters by Robert Hall to his supervisors stipulate that the termination of the plaintiff was to be done faster than normal. The appellant was never given a chance to have any proper review of the accusations by Kelly Mancle-Parham and Robert Hall. In the appellants  These concerns suggest an excessive treatment for the claim of terminating an employee for "poor rating" as the Treasury's reason for terminating the plaintiff.

The follow list the issues that affected a data transcriber's  rating including both those specific to the plaintiff  and in general to the center:

1. The work was segregated towards the plaintiff's unit in such a way as to channel the more difficult hard to read or badly edited documents.
2. *The inconsistencies in how the documents were to be entered into the program system were as varied as the managers.*
3. The problems with the Presidential Donation Box and other excessive audit codes violation resulted in errors assigned to the plaintiff.
4. *The differences in the amount of time to process a regular blue 1040 and a online filing of a 1040 which can generate 3 pages or more for each regular page of the blue 1040.  This has been explained by example. This in particular was the case for the lower rating as used singularly during Steven Ivey's termination (i.e. rating of "1 ").*
5. The harassment the plaintiff experienced created rating problems.
6. *The prohibited solicitation for  monies for prohibited parties and for donations for events of employees and their families.*
7. The individuals involved in the violations were the individuals conducting the ratings for the plaintiff contrary to the managers' testimony during the MSPB hearing.
8. *The problems with the Code and Edit Division being passed to Data Transcribers but not adjusted in rating.*

3

In <u>Shuman</u> v. <u>Dept. of the Treasury</u> (10/22/84 MSPB) Docket No. SE 328410073, it was determined that when an agency demotes or removes employee based on fewer than all components of performance standard agency must show that employee's performance warranted rating on standard as a whole. This points to other issues for terminating an individual, such as tardiness or attitude, to suggest the rating of an individual is to be based in it's entirety and not for one single mechanical element.

The termination of the Plaintiff involved the inappropriate presence and coercion of the union steward Doug Van Buren of the Plaintiff. Doug Van Buren further recommended that the plaintiff be terminated and this recommendation was a contributor to the plaintiff's termination. However, this was not Doug Van Buren's role as a Union steward nor does the Union have any bargaining agreement for reasons of termination in termination for "poor rating". This further evidences the collective action taken and encouraged against the Plaintiff.

The Processing Center in failing to correctly investigate; attack the Plaintiff for reporting the violations; and failure to take corrective action demonstrates the above referenced violations.

Under civil statutes **42 USCS 1981, 42 USCS 1983, 42 USCS 1986, 42 USCS 1988** and **42 USCS 2000e** the Plaintiff is entitled to relief for the above listed violations. This is pursuant to Federal Rules of Civil Procedure 8(a).

The plaintiff is seeking action to remedy the situations and reinstatement of employment. To further, the plaintiff is seeking compensatory damages, punitive

4

damages, future offset damages, cost involved in the prosecution of the complaint, and related fees of processing this complaint.

The plaintiff is requesting a jury trail for this case.

**The plaintiff is requesting that the Court appoint the plaintiff an attorney. (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C    2000e *et seq*: the Rehabilitation act of 1973, as amended, 29 U.S.C.    791(c).**

_7/15/04_
    Date

              Plaintiff

Steven Ivey

197 Newbern's Lndg Rd.
Powells Point, NC, 27966
mail to:
P.O. Box 15889
Chesapeake, VA, 23328
757. 560. 9985

5



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C. 20036**

Steven G. Ivey,
Complainant,

v.

John W. Snow,
Secretary,
Department of the Treasury,
Agency.

Appeal No. 01A33016

Agency No. 02-1135

Hearing No. 110-A3-8092X

<u>DECISION</u>

Complainant filed a timely appeal with this Commission from the agency's order dated March 24, 2003, dismissing his complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* The appeal is accepted pursuant to 29 C.F.R. § 1614.405. In his complaint, complainant alleged that he was subjected to discrimination on the bases of race (Caucasian), color (white), sex (male), and reprisal for prior EEO activity when his employment was terminated during the probationary period effective March 7, 2001.

The record reveals that during the relevant time, complainant was employed as Data Transcriber, GS-356-03, at the agency's Elizabeth City, North Carolina's, Data Conversion Branch. Believing he was a victim of discrimination, complainant sought EEO counseling and subsequently filed a formal complaint on March 18, 2002. At the conclusion of the agency's investigation, complainant was informed of his right to request a hearing before an EEOC Administrative Judge (AJ) or alternatively, to receive a final decision by the agency. Complainant requested a hearing before an AJ.

04 1377

On February 14, 2003, the AJ issued a decision dismissing the complaint because complainant failed to prosecute his case. The AJ found that complainant failed to appear at the February 14, 2003 hearing. The AJ found that he had mailed an Order on November 22, 2002, to the agency

FILED

AUG 1 3 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2                                                       01A33016

and complainant scheduling a pre-hearing conference on February 5, 2003, with a hearing set for February 14, 2003. The AJ found that complainant failed to submit the pre-hearing conference report (including a witness list) as required by the scheduling order and did not appear at the pre-hearing conference scheduled on February 5, 2003. The AJ stated that he issued an Order to Show Cause dated February 5, 2003, ordering complainant to show cause for his failure to submit any witness list or appear at the pre-hearing conference on February 5, 2003. The AJ noted that on February 12, 2003, complainant facsimiled a request for a continuance. The AJ denied the request as untimely and not justified. The AJ said that, in his request, complainant stated that he did not receive the acknowledgment and scheduling order until the end of January 2003. The AJ found that nothing in complainant's request set forth sufficient grounds for a continuance.

In its final order the agency stated that it was fully implementing the AJ's decision dismissing the complaint pursuant to 29 C.F.R. § 1614.107(a)(7).

We find the agency's dismissal of the complaint to be improper. It is noted that the AJ has the authority to sanction a party for failure without good cause shown to fully comply with an order. 29 C.F.R. § 1614.109(f)(3). However, dismissal of a complaint by an AJ as a sanction is only appropriate in extreme circumstances, where the complainant has engaged in contumacious conduct, not simple negligence. *See Hale v. Department of Justice*, EEOC Appeal No. 01A03341 (December 8, 2000). Upon review, the Commission finds that complainant's failure to appear at the hearing, appear at the pre-hearing conference, and failure to submit a pre-hearing conference report is insufficient, under the instant circumstances, to warrant dismissal of the entire complaint. To the extent that the AJ intended to sanction complainant by dismissing the entire complaint, the Commission finds that the AJ's sanction to dismiss the complaint was improper. In the instant case, the Commission finds that the appropriate sanction is to cancel the hearing and remand the complaint to the agency for a decision without a hearing.

Dismissal of the complaint under 29 C.F.R. § 1614.107(a)(7) is inappropriate under the instant circumstances, because the investigation has apparently been completed and there is apparently sufficient information in the record to adjudicate the complaint. Therefore, we shall remand the matter to the agency so that it may issue a decision on the complaint.

The agency's decision dismissing the complaint is REVERSED and we REMAND the complaint to the agency for further processing pursuant to the Order herein.

ORDER

Within sixty calendar days from the date this decision becomes final, the agency shall take final action on the complaint in accordance with 29 C.F.R. 1614.110. A copy of the agency's final decision must be sent to the Compliance Officer referenced herein.

3                                                                    01A33016

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0501)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order.    29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. *See* 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. *See* 29 C.F.R. § 1614.409.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

4                                                              01A33016

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0900)

This is a decision requiring the agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court **within ninety (90) calendar days from the date that you receive this decision.** In the alternative, you may file a civil action **after one hundred and eighty (180) calendar days** of the date you filed your complaint with the agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. **Filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

OCT 1 4 2003

Date