IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEVEN IVEY,<br>    Plaintiff, | )<br>)<br>)<br>) |  |
| v. | ) | Case Number 07-0748 (EGS) |
| HENRY M. PAULSON, Secretary,<br>Department of the Treasury,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) |  |

**OPPOSITION TO PLAINTIFF'S MOTION FOR JOINDER**

    Defendant Henry M. Paulson, through undersigned counsel, hereby opposes Plaintiff's motion for joinder. See Dkt. Entry 25. The motion did not comply with the notice requirements of Local Rule 7(m), and could be denied for that reason alone. Further, Plaintiff has failed to provide adequate support for his request that additional unnamed data transcribers be joined as plaintiffs in this action. Joinder of parties pursuant to Rule 20(a) — which is the Rule that would govern Plaintiff's request for joinder — is a matter of discretion. However, given that the doctrines of issue and claim preclusion bar Plaintiff's discrimination claims, his claims cannot be adjudicated on the merits. As such, there is no reason to bring additional plaintiffs into this action.

**BACKGROUND**

    Plaintiff appears to raise employment discrimination claims against the United States Department of Treasury ("DOT" or the "Department"), based on his employment at the Internal Revenue Services' Atlanta Submission Processing Center. See Compl. at 1; Am. Compl. ¶ 3. He alleges that DOT improperly terminated his employment, and discriminatorily applied a rating scale to Plaintiff and other data transcribers. See Compl. at 1-2. The Complaint cites Title

VII of the Civil Rights Act of 1964, the Civil Rights Reform Act of 1978, and 42 U.S.C. §§ 1981, 1983, 1986, 1988, and 2000e as the applicable laws.  *See id.* at 9.

Plaintiff has filed several other employment discrimination cases against DOT, in this Court and other districts.  *See, e.g.*, *Ivey v. Snow*, 2007 WL 2478886 (N.D. Ga. Aug. 28, 2007) (describing consolidation of Northern District of Georgia cases); *Ivey v. Snow*, 2006 WL 2711523 (D.D.C. Sept. 21, 2006); *Ivey v. Snow*, 2005 WL 758259 (D.D.C. Apr. 1, 2005).  Plaintiff's prior suits against DOT were dismissed and/or transferred to the Northern District of Georgia.

## ARGUMENT

### A.  Rule 19 Does Not Apply To This Action Because the Unidentified Data Transcribers Are Not Necessary Parties.

Plaintiff seeks joinder pursuant to Federal Rule of Civil Procedure 19, which governs the joinder of parties necessary to the case.  *See* Mot. for Joinder at 1.  That rule provides for the joinder of parties if (1) in the party's absence "complete relief cannot be accorded among those already parties;" or (2) the party "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may ... as a practical matter impair or impede the person's ability to protect that interest ...." Fed. R. Civ. P. 19(a).  Neither factor is present here.

Other data transcribers are not necessary parties to this employment discrimination action.  The claims Plaintiff has raised against DOT can be resolved without involving other past or current DOT employees.  Indeed, that is typical in employment actions, as class actions and similar group-based challenges to agencies' actions are an exception and not the rule.  To

resolve this case, the Court must first assess the res judicata and collateral estoppel effects of Plaintiff's prior suits against Plaintiff.[1]  If the Court reaches the merits of Plaintiff's claims, Plaintiff's success will turn on whether he can establish that he was terminated for discriminatory reasons, and/or treated differently than employees of a different race.  The involvement of other data transcribers as plaintiffs would have no impact on the Court's ability to resolve those issues.  It follows that "complete relief" on the employment discrimination claims can be had if Plaintiff is the sole plaintiff in the action.  Indeed, the fact that Plaintiff has filed other discrimination cases against DOT without naming other plaintiffs suggests that Plaintiff himself recognizes that those claims may proceed without the involvement of these other prospective parties.

These other unidentified data transcribers also have no "interest" in the current litigation.  Plaintiff has provided no evidence indicating that any such individuals believe they were discriminated against.  If they felt they were discriminated against, they could and presumably would have filed their own claims.  Further, even if this Court could reach the merits of Plaintiff's claims, its resolution of those claims would not limit the ability of other individuals to bring their own challenges to DOT's policy in the future.  *See Hite v. Leeds World Equity Partners, IV, LP*, 429 F. Supp. 2d 110, 116 (D.D.C. 2006) (concluding nonparties were not "necessary" under Rule 19 and noting that court's merits ruling would not have res judicata or collateral estoppel effect).  Thus there is no reason to believe that other data transcribers have the type of "interest" that would make them necessary parties.

---

[1] Those prior lawsuits bar Plaintiff's current claims against the Department, under the doctrines of issue and claim preclusion.  Defendant addressed that and other issues in its motion to dismiss. *See* Dkt. Entry 20.

**B.      Plaintiff's Motion Does Not Satisfy the Requirements for Joinder Under Federal Rule of Civil Procedure 20(a).**

Federal Rule of Civil Procedure 20(a) provides for joinder of multiple parties as plaintiffs "if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a). "Whether particular circumstances warrant joinder is left to the sound discretion of the district courts." *Carabillo v. Ullico, Inc.*, 357 F. Supp.2d 249, 255 (D.D.C. 2004). Given the discretionary nature of this issue, Defendant defers to the Court's judgment concerning the propriety of allowing Plaintiff to join additional plaintiffs. However, Defendant respectfully submits that there is no basis for permitting Plaintiff to bring those additional individuals into this action.

Plaintiff appears to contend that these other unidentified data transcribers would have claims that arise out of the same transaction or occurrence as Plaintiff's claims against Defendant. *See* Mot. for Joinder at 1. However, any claims asserted by those prospective plaintiffs would not raise questions of law and/or fact common to those at issue here. The dispositive questions of law and/or fact in this case are the jurisdictional, res judicata, and collateral estoppel defenses Defendant has raised. Those defenses turn on whether *Plaintiff* has exhausted his administrative remedies and/or previously litigated these claims in another forum. Those issues will not overlap at all with the questions of law or fact governing the viability of any claims other data transcribers might assert if they were joined.

Finally, Defendant notes that Plaintiff has failed to substantiate his motion for joinder with declarations or other evidence. Defendant does not know who these other putative

plaintiffs are, or how many of them Plaintiff wants to name as co-plaintiffs. Thus even if there were others with an adequate interest in the case, the motion lacks information sufficient to support their joinder as plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Joinder should be DENIED.

Dated: November 8, 2007              Respectfully submitted,

                                                                 /s/
                                       JEFFREY A. TAYLOR, D.C. BAR # 498610
                                       United States Attorney

                                                /s/
                                       RUDOLPH CONTRERAS, D.C. BAR #434122
                                       Assistant United States Attorney

                                       /s/ Robin M. Meriweather
                                     ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                                     Assistant United States Attorney
                                     555 Fourth St., N.W.
                                     Washington, D.C.  20530
                                     Phone: (202) 514-7198 Fax: (202) 514-8780
                                     Robin.Meriweather2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of November, 2007, I caused the foregoing to be filed via the Court's Electronic Case Filing system, and to be served upon Plaintiff by first-class mail, postage prepaid, addressed as follows:

Steven Ivey
7611 S. Orange Blossom Terrace, # 278
Orlando, FL 32809

        */s/ Robin M. Meriweather*
        _____
        ROBIN M. MERIWEATHER
        ASSISTANT UNITED STATES ATTORNEY