IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Steven Ivey, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number 07-0748 (EGS) |
| | ) | |
| Henry M. Paulson, Secretary, | ) | |
| Department of the Treasury | ) | |
| Defendant. | ) | |

**OPPOSITION TO PLAINTIFF'S MOTION FOR CHANGE OF VENUE**

Defendant opposes Plaintiff's motion for change of venue because transferring this case would unnecessarily burden the United States District Court for the Northern District of Georgia with a meritless lawsuit. As explained in Defendant's motion to dismiss, all of Plaintiff's claims are barred by res judicata and collateral estoppel because they either were or could have been litigated in Plaintiff's numerous prior employment discrimination suits against the Department of the Treasury. See Dkt. Entry 20 at 11-15. Further, no federal district court has jurisdiction to review the claims Plaintiff purports to bring under 42 U.S.C. §§ 1981, 1983, 1986 and 1988, because the United States has not waived its sovereign immunity. See id. at 6-9.

If Plaintiff had any viable Title VII claims, the Northern District of Georgia would be a proper forum in which to raise them. See id. at 15-17. This case concerns Plaintiff's prior employment at Internal Revenue Services' Atlanta Submission Processing Center located in Chamblee, Georgia, and Plaintiff's employment records are maintained in Georgia. See id. at Exh. 1. Title VII suits may be brought, inter alia, where "the unlawful employment practice is alleged to have been committed" or where "the employment records relevant to such [unlawful employment] practice are maintained and administered." 42 U.S.C. § 2000e-5(f)(3). However,

Defendant did not seek transfer to the Northern District of Georgia, and opposes Plaintiff's motion for change of venue, because this case should be dismissed for the reasons set forth in Defendant's pending motion to dismiss.

Defendant recognizes that "the decision of whether dismissal or transfer is 'in the interest of justice' rests in the sound discretion of the district court." Davis v. American Soc'y Civil Engineers, 290 F. Supp. 2d 116, 120 (D.D.C. 2003). However, where, as here, the underlying claims are subject to dismissal on jurisdictional and preclusion grounds, the interests of justice do not favor transfer. Defendant therefore respectfully requests that the Court deny Plaintiff's motion for change of venue.

Dated: December 17, 2007              Respectfully submitted,

    /s/ by MJ
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198 Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December, 2007, I caused the foregoing Opposition to be filed via the Court's Electronic Case Filing system, and to be served upon Plaintiff by first-class mail, postage prepaid, addressed as follows:

Steven Ivey
7611 S. Obt, # 278
Orlando, FL 32809

                                        */s/ Robin M. Meriweather*
                                        ROBIN M. MERIWEATHER
                                        ASSISTANT UNITED STATES ATTORNEY