**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Steven Ivey, | ) |
|     Plaintiff, | ) |
| | )    CA No. 07- 0748 (EGS) |
| V. | ) |
| HENRY PAULSON, Secretary, et al., | ) |
| U.S. Department of the Treasury, | ) |
|     Defendant. | ) |

### MOTION FOR LEAVE TO FILE PLAINTIFF'S REPLY TO DEFENDANT'S 12/17/07 OPPOSITION FOR CHANGE OF VENUE

The plaintiff request Leave of Time to file a reply to defendant's December 17, 2007 opposition for change of venue. Due to other related claims associated attention was needed from the plaintiff, therefore was a shortage of time to respond timely to the defendant's opposition. Given the holidays the time calculation may be configured differently for such a reply, therefore, a Leave of Time may need to be requested for the plaintiff. Additionally, because the plaintiff has not objected to the defendant's numerous request for extension of time to file responses granting leave of time to file a reply to defendant opposition for change of venue, and the Court has granted them, it would be fair to the plaintiff to extend such consideration to the plaintiff for leave of time to file.

1 of 1

**RECEIVED**
JAN 7 - 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Certification of Service

The attached document was sent by mail to:

Office of the Clerk
US District Court for DC
333 Constitution Ave, N.W.
Washington, DC, 20001

And by regular mail to:

Jeffery Taylor/Robin Meriweather
Department of the Justice
555 Fourth St., NW
Washington, DC, 20530

_1-3-08_
Date

_/s/ Steven Ivey_
Steven Ivey
Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Steven Ivey, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CA No. 07- 0748 (EGS) |
| V. | ) |
| | ) |
| HENRY PAULSON, Secretary, et al., | ) |
| U.S. Department of the Treasury, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S 12/17/07
OPPOSITION TO CHANGE VENUE**

With the following the plaintiff's response to the defendant's Opposition for Change of Venue:

1. The defendant did not resolve the illegal solicitation and the conspiring of the NTEU with the defendant as partners when considering the plaintiff claims under 42 U.S.C. §§ 1981, 1983, 1986, and 1988, because qualified immunity does not apply to the NTEU and the defendant can not grant such status to the NTEU in an umbrella action in sighting such for itself. Additionally, when the defendant has participated in actions inconsistent with the public trust allowed them by the American citizens, qualified immunity does not apply, because such would merely establish a means by which the defendant would be allowed to undermine the Court's review, thus, raising the issues of separation of powers for the purposes of check and balance. Thus, the question would be for the Court is whether preclusion for the grounds of dismissal in the present claims was

1

RECEIVED
JAN 7 - 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

formulated for the purpose of allowing the defendant to escape accountability for perpetuating perjury, false records, and forged evidence in order to escape justice, thereby, to undermine connective fiber of the "check and balance" system ?

Res judicata and collateral estoppel are not for the purposes of pre-planned strategy of lies and forged evidence so as to mislead any prior attempts to seek remedies for relief, because it pivots on the defendant's past co-operation with the judicial system in connection with the plaintiff's claims.  As with defendant's past practices, and with the rating and ranking problems, described in the plaintiff's complaints and replies, the defendant continuously maintains a pattern of behavior that points to a fact pattern of misleading the Courts; the present Opposition to Change of Venue follows is no different.

2.          In none of the defendant's replies and oppositions does there exist any discussion as to whether if given such a dismissal and/or denial of change of venue would mean an end to the plaintiff's claims ?  Existing in the factors that affected rating and ranking of the plaintiff and, the other approximately 500 data transcribers, are (1) the illegal actions projected onto the plaintiff and transcribers; (2) the illegal activities of the defendants; (3) the violations to taxpayers documents, and (4) the non-compliance to departmental and OPM regulations, all of which in turn the Congress and the American people are not without authority to correct.  Therefore, the issues connected with the present case will not just disappear and go away, thus, not fitting the criteria of res judicata and/or collateral estoppel.  Consequently, making Change of Venue proper should the Court decided it is proper, and contradicting defendant's claim, P. 2, ¶ 2, of it's Opposition Motion, that the " interest of justice do not favor transfer."  Additionally,

as the plaintiff has argued in prior responses concerning proper jurisdiction, DC District can serve as proper jurisdiction, therefore, because the defendant has perpetuated deceit upon DC District as previously described, (see docket report of plaintiff's replies and attachments), the Court's discretion should take into consideration such for decisions regarding dismissal and Change of Venue.

3.	In the defendant's Opposition to Plaintiff's Motion for Change of Venue, P. 1, ¶ 2, thru, P. 2, ¶ 1, the defendant reasons that if the plaintiff should have any possible Title VII claims that they would be more properly resolved in N. GA District, however, the defendant request that DC District should dismiss any such claims, or even alternatively, deny any request for change of venue. If N. GA District is proper venue, then, why not let N. GA District decide if the plaintiff's claims should be dismissed ? Why, other, than to undermine justice and obtain an unfair, premature decision from DC District, would the defendant argue that N. GA District is proper venue, but request DC District to make the decision for N. GA District to dismiss the plaintiff's claims ? If N. GA District is proper venue then the proper decision for dismissal lies in N. GA District.

From the above, as with the collective replies from the plaintiff, the claims should not be dismissed or alternatively should the Court's discretion so determine change of venue should be granted.

## Certification of Service

The attached document was sent by mail to:

Office of the Clerk
US District Court for DC
333 Constitution Ave, N.W.
Washington, DC, 20001

And by regular mail to:

Jeffery Taylor/Robin Meriweather
Department of the Justice
555 Fourth St., NW
Washington, DC, 20530

_1-3-08_
Date

Steven Ivey
Plaintiff