**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
Steven Ivey,                                        )
          Plaintiff,                                )
                                                    )
v.                                                  )          Case Number 07-0748 (EGS)
                                                    )
Henry M. Paulson, Secretary,                        )
Department of the Treasury ,                        )
          Defendant.                                )
_____ )

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

        Plaintiff's complaint and amended complaint[1] assert claims over which this Court lacks

jurisdiction, and which duplicate claims Plaintiff has raised in his numerous other lawsuits

against the Department of the Treasury.  Plaintiff devotes the bulk of his opposition brief to a

lengthy recitation of the ways in which the Department of Treasury ("DOT"), agency counsel,

and labor representatives from the National Treasury Employees' Union ("NTEU") allegedly

have wronged him.  However even if those grievances had merit (and they do not), they would

not change the fact that the Court lacks jurisdiction to review the claims premised on 42 U.S.C.

sections 1981, 1983, 1986, and 1988 (collectively "the Civil Rights Statutes"), or that Plaintiff's

remaining claims are barred by the doctrines of claim and issue preclusion.  Nor do Plaintiff's

allegations about events that allegedly took place in Washington, D.C. make this Court the

proper venue for his employment discrimination claims.  Defendant therefore respectfully

requests that the Court grant its motion and dismiss this case with prejudice.

_____

        [1] The amended complaint appears to be intended as a supplement to the original
complaint.  See Dkt. Entry 7 at 1.

**ARGUMENT**

I.    **THE COURT LACKS JURISDICTION TO REVIEW THE CLAIMS PREMISED ON THE CIVIL RIGHTS STATUTES.**

As explained in Defendant's motion to dismiss, Plaintiff has not identified a waiver of sovereign immunity which would permit him to bring claims under the Civil Rights Statutes. 28 U.S.C. § 1343 waives the government's immunity for claims seeking to redress government actions made under color of <u>state</u> law. However, Defendant is the Secretary of a <u>federal</u> agency, and has been sued in his official capacity for actions taken pursuant to federal law. Moreover, Plaintiff's description of the Civil Rights Statutes claims demonstrates that they all center on his allegations of employment discrimination, <u>i.e.</u>, the termination of his employment at DOT, racial and/or sexual harassment, and racially discriminatory ratings policies that allegedly were applied to him while he was a DOT employee. <u>See</u> Dkt. Entry 29 at 22-23 (hereafter "Opp."). Title VII is the exclusive remedy for any such claim. <u>See</u> <u>Brown v. General Services Admin</u>, 425 U.S. 820, 829 (1976) (Title VII is "an exclusive, preemptive administrative scheme for the redress of federal employment discrimination").

II.   **PLAINTIFF'S CLAIMS ARE BARRED BY RES JUDICATA AND COLLATERAL ESTOPPEL.**

Plaintiff has filed numerous lawsuits against Defendant in this Court and other districts. <u>See</u> <u>Ivey v. Paulson</u>, 2007 WL 1129001, at *1-*2 (M.D. Fla. Apr. 16, 2007) (listing seven of Plaintiff's prior actions); <u>Ivey v. United States Dep't of Treasury</u>, 517 F. Supp. 2d 455 (D.D.C. 2007) (noting Plaintiff's prior Privacy Act case); <u>Ivey v. Snow</u>, 2007 WL 2478886, at *1 (N.D. Ga. Aug. 28, 2007) (referencing Plaintiff's four prior discrimination cases). <u>Res judicata</u> precludes Plaintiff from relitigating any claims in this case that were, or could have been, raised

in those prior cases.  See Apotex, Inc. v. Food and Drug Admin., 393 F.3d 210, 217-18 (D.C.

Cir. 2004).  Collateral estoppel precludes Plaintiff from relitigating legal or factual issues that

were resolved in one or more of the prior cases.  See Nextwave Personal Communications, Inc.

v. FCC, 254 F.3d 130, 1478 (D.C. Cir. 2001). Both doctrines apply here.

  All of Plaintiff's claims concerning his termination from DOT and alleged discrimination

that occurred while he was a DOT employee either were, or could have been, raised in his prior

lawsuits.  Plaintiff argues that claim preclusion should not apply because he has different

exhibits and evidence that he now wishes to introduce in this case.  See Opp. at 24-25.  Plaintiff

also appears to argue that he the current case involves additional legal theories, including his

claim that other data transcribers were subjected to discriminatory policies,[2] and that the

termination violated his constitutional rights.  See id. at 19-20.  However, the relevant question

is whether the current claims involve the same "nucleus of facts" as his prior claims.  Apotex,

Inc., 393 F.3d at 217-18.  The allegations in this case concerning Plaintiff's employment at DOT

implicate the same facts as those raised in Plaintiff's prior employment discrimination actions.

See Defendant's Motion to Dismiss, Dkt. Entry 20, at 12-13 (comparing claims).  Thus, as this

Court ruled when dismissing Plaintiff's recent Privacy Act suit on res judicata grounds, "[th]at

plaintiff chose to raise some, but not all, of his claims in the prior suit works to his detriment.

The doctrine of res judicata bars not only relitigation as to every ground of recovery or defense

---

[2]  No other data transcriber is a party to this suit, and Plaintiff lacks standing to bring
Title VII claims based on discrimination allegedly suffered by others.  See Wagshal v. Foster, 28
F.3d 1249, 1252 (D.C. Cir. 1994) (noting that plaintiff lacked standing to seek injunctive relief
on behalf of others); see generally McConnell v. Federal Election Comm'n, 540 U.S. 93, 225
(2003) (explaining that to have Article III standing a plaintiff must show a concrete "injury in
fact").

Case 1:07-cv-00748-EGS    Document 35    Filed 01/11/2008    Page 4 of 8


actually presented in the prior action, but also every ground which might have been presented."
Ivey, 517 F. Supp. 2d at 457. Further, because other courts have ruled that DOT terminated
Plaintiff for lawful reasons, collateral estoppel also bars Plaintiff's current wrongful termination
claims.

To the extent that Plaintiff contends that Defendant is maintaining false or fraudulent
records concerning him, see Opp. at 25-26, his prior Privacy Act suit prevents any such claim
from being litigated here.[3] In Ivey v. Snow, No. 04-0214 (EGS) (D.D.C.), Plaintiff alleged that
Defendants maintained false or inaccurate records concerning him and disseminated them. See
Ivey, 517 F. Supp. 2d at 458. Plaintiff raised similar claims in a case filed in 2007, which this
Court dismissed due to claim preclusion. See id. This case warrants the same treatment.

Finally, the pleadings do not support Plaintiff's suggestion that this suit concerns events
that postdated the prior lawsuits and could not have been raised in those actions. The wrongful
termination and race discrimination claims all concern Plaintiff's employment at DOT, and
Plaintiff should have presented all of his legal theories concerning his employment in his prior
employment discrimination cases. The complaint does include allegations that NTEU
representatives took certain actions after Plaintiff filed an administrative EEO claim. See Dkt.
Entry 7. However, NTEU is not a Defendant in this case, and Defendant cannot be held liable
for the conduct of employees of a third party independent entity.

---

[3] The complaint and amended complaint are difficult to understand. However neither
complaint references the Privacy Act, and neither appears to raise any claims concerning the
maintenance of false records. Although pro se litigants' pleadings are read liberally, Plaintiff is
limited to the claims he has raised in his complaint, and cannot use his opposition memorandum
to raise new claims. See Hall v. Administrative Office of U.S. Courts, 496 F. Supp. 2d 203, 207
n. 4 (D.D.C. 2007) (concluding pro se plaintiff could not raise new claims that were not included
in the complaint by presenting them in an opposition to a motion to dismiss).

## III.    THE DISTRICT OF COLUMBIA IS NOT THE PROPER VENUE FOR PLAINTIFF'S DISCRIMINATION CLAIMS.

If Plaintiff's employment discrimination claims were not barred by claim and issue

preclusion, they would be subject to dismissal for improper venue.  As this Court held in one of

Plaintiff's prior cases, the Northern District of Georgia would be the proper forum for Plaintiff's

discrimination claims, and any related claims based on the Civil Rights Statutes.  See Ivey v.

 Snow, 2006 WL 2711523, at *1 - *2 (D.D.C. Sept. 21, 2006).  Plaintiff's assertion that the

District of Columbia would be an appropriate forum because certain policies were set, and

documents were generated, outside Atlanta misperceives the legal standard.  Under Title VII's

special venue provision, Plaintiff's suit can be heard where the alleged unlawful employment

practice occurred, where the relevant employment records are maintained, or where Plaintiff

would have worked but for the allegedly unlawful practice.  42 U.S.C. § 2000e-5(f)(3).  The

location of documents pertaining to Plaintiff's prior Privacy Act claim — which included files

concerning his EEO claims and federal litigation against DOT — is irrelevant to that analysis.

## CONCLUSION

For the foregoing reasons and those set forth in Defendant's Motion to Dismiss, this case

should be DISMISSED WITH PREJUDICE.

Dated: January 11, 2008                    Respectfully submitted,


                                           _____/s/_____
                                           JEFFREY A. TAYLOR, D.C. BAR # 498610
                                           United States Attorney

                                           _____/s/_____
                                           RUDOLPH CONTRERAS, D.C. BAR #434122
                                           Assistant United States Attorney
                                               /s/ Robin M. Meriweather
                                           _____

-6-

ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198 Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of January 2008, I caused the foregoing Reply to be filed via the Court's Electronic Case Filing system, and to be served upon Plaintiff by first-class mail, postage prepaid, addressed as follows:

Steven Ivey
7611 S. Orange Blossom Terr, # 278
Orlando, FL 32809

*/s/ Robin M. Meriweather*
_____
ROBIN M. MERIWEATHER
ASSISTANT UNITED STATES ATTORNEY
