UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,

     Plaintiff,

       v.                                        Civil Action No.  07-0748 (EGS)

HENRY M. PAULSON, Secretary,
Department of the Treasury,

     Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on defendant's Motion to Dismiss and plaintiff's Motion

for Change of Venue.  For the reasons discussed below, the Court will dismiss the complaint on

the ground that all the claims are barred under the doctrine of res judicata.

I.  BACKGROUND

Plaintiff is a former employee of the Internal Revenue Service ("IRS") who worked "at

the IRS Atlanta Submission Processing Center, located in Chamblee, Georgia.  [His]

employment . . . was terminated during his probationary period."  Memorandum of Points and

Authorities in Support of Motion to Dismiss ("Def.'s Mot."), Declaration of Garry Wade Klein

("Klein Decl.") ¶¶ 4-5.  This civil action represents another of a series of plaintiff's challenges to

his termination.  Here, plaintiff generally alleges that the methods the IRS adopted for

distributing batches of work and for rating employees' performance were discriminatory and

"prejudicially affected the plaintiff as a white male[] but not more favored females and blacks."

Complaint ("Compl.") at 2.  He purports to bring a civil rights action under 42 U.S.C. §§ 1981,

1983, 1986, and 1988, and Title VII of the Civil Rights Act of 1964, as amended, *see* 42 U.S.C. §

2000e *et seq.*, *see* First Amended Complaint ("Amd. Compl.") at 20 (¶ 33), and demands

unspecified damages. [1]  Compl. at 10.

## II.  DISCUSSION

Defendant moves to dismiss the complaint on the ground that its claims are precluded

under the doctrines of res judicata and collateral estoppel.  *See* Def.'s Mot. at 11-15.  Insofar as

plaintiff demands monetary damages, defendant argues that the doctrine of sovereign immunity

bars such a claim.  *See id.* at 6-9.

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he

may have arising out of the same transaction or occurrence."  *U.S. Indus., Inc. v. Blake Const.*

*Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (quoting 1B J. Moore, *Moore's Federal Practice*, ¶

0.410[1] (1983)).  Under the doctrine of *res judicata*, a final judgment on the merits in a prior

suit involving the same parties bars subsequent suits based on the same cause of action.  *See*

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979).  Two cases implicate the same

cause of action if they share the same nucleus of facts.  *Drake v. Fed. Aviation Admin.*, 291 F.3d

59, 66 (D.C. Cir. 2002), *cert. denied*, 537 U.S. 1193 (2003) (internal quotation marks and

citation omitted).  *Res judicata* bars not only claims that actually were litigated, but also claims

that could have been litigated in the previous action.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980)

(citation omitted); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C.

---

[1]     Plaintiff appears to have abandoned his claim under the Rehabilitation Act.  *See*
Pl.'s Opp'n at 20.

Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated

previously") (citation omitted); *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

In order for *res judicata* to apply, defendant must show: (1) the identity of parties in both

suits, (2) a judgment rendered by a court of competent jurisdiction, (3) a final judgment on the

merits, and (4) an identity of the cause of action in both suits.  *Paley v. Estate of Ogus*, 20 F.

Supp. 2d 83, 87 (D.D.C. 1998) (citing *Brannock Assocs., Inc. v. Capitol 801 Corp.*, 807 F. Supp.

127, 134 (D.D.C. 1992) (citing *U.S. Indus. Inc.*, 765 F.2d at 205 n.21 )).  Defendant easily meets

his burden.

Plaintiff has challenged his termination from his past employment as a seasonal data

transcriber with the Internal Revenue Service in prior civil actions against the Secretary of the

Treasury.  *See, e.g., Ivey v. Paulson*, No. 05-16157, 2007 WL 216284 (11th Cir.  Jan. 29, 2007)

(per curiam) (affirming dismissal of district court's grant of summary judgment for defendant on

Title VII claims of race and gender discrimination, retaliation, and sexual harassment), *cert.*

*denied*, 128 S.Ct. 177 (2007); *Ivey v. Snow*, No. 06-CV-2706-JOF-ECS, 2007 WL 2478886, at

*1 (N.D. Ga. Aug. 28, 2007) (dismissing age discrimination claim for failure to exhaust

administrative remedies); *Ivey v. Paulson*, No. 07-0478, 2007 WL 1129001, at *2-3 (M.D. Fla.

Apr. 16, 2007) (dismissing libel and slander claims and civil rights claims under 42 U.S.C. §§

1981, 1983, 1986 and 1988 for failure to state claims on which relief can be granted); *Ivey v.*

*Dep't of Treasury*, No. 04-3155,2004 WL 1799405 (Fed. Cir. Aug. 5, 2004) (per curiam)

(affirming Merit Systems Protection Board's decision that protected whistleblowing disclosures

were not contributing factors to low quality ratings of plaintiff's performance or his termination).

Review of this Court's docket and the cases defendant cites in his motion reveal that the parties in these actions are the same as the parties in the instant action, that all the actions arise from plaintiff's termination, and that courts of competent jurisdiction have rendered final judgments on the merits of his claims. As this Court already has recognized, "plaintiff either has raised or has had an opportunity to raise the claims set forth in the instant complaint." *Ivey v. Paulson*, No. 08-0134, 2008 WL 219917, at *2 (D.D.C. Jan. 24, 2008).

### III.   CONCLUSION

The Court will grant defendant's motion to dismiss on the ground that all the claims set forth in the instant complaint are barred under the doctrine of res judicata.[2] Plaintiff's Motion for Change of Venue will be denied as moot. An Order consistent with this Memorandum Opinion will be issued separately.

Signed:          EMMET G. SULLIVAN
                 United States District Judge

Dated:           September 4, 2008

---

[2]      Because all of plaintiff's claims are barred under the doctrine of res judicata, the Court will not address defendant's remaining arguments.